[Murdock v. The State.]

# Murdock *v.* The State.

68   567
107   35

*Indictment for Burglary.*

1. *Confessions; when admissible.*—While a confession induced by a promise made to the defendant by the prosecutor, to dismiss the prosecution, would not be admissible in evidence; yet if the confession was antecedent to, and, therefore, uninfluenced by the promise, it is admissible.

2. *Same.*—Where a witness, upon whose affidavit the defendant, before indictment found, had been arrested for burglary, testified, that "when the preliminary trial was about to be had, defendant called her aside and told her if she would dismiss the prosecution he would try to get her things for her; that from a discription she had given of them, he thought he knew where they were; and she then promised him that she would dismiss the prosecution,"—*held,* that the testimony was admissible, the statement made to her by the defendant being voluntary.

3. *Evidence: when inadmissible.*—The refusal of a defendant charged with burglary, to allow his house to be searched without a warrant for that purpose, is the assertion of a valuable and undoubted constitutional right, and can, in no case, be construed into a criminative circumstance. Such refusal is, therefore, inadmissible in evidence against the defendant.

4. *Evidence; presumption arising from a state of things continuous in its nature can not operate retrospectively.*—Where coverture or other personal relation, or state of things, continuous in its nature, is once established by proof, the law presumes that such relation or state continues to exist, until the contrary is proved, or until a different presumption is raised from the nature of the subject in question. But this presumption can not operate retrospectively so as to authorize the inference of the prior existence of coverture, or other continuous relation or state, from proof of its present existence.

APPEAL from City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

At the February Term, 1881, of said court, the appellant was indicted for burglary, and at a subsequent term he was tried and convicted. On the trial Polly Jackson, the principal witness for the State, testified, among other things, in substance, that the dwelling-house which the defendant is charged to have broken into and entered, was her property, and that she lost therefrom at the time of the burglary several articles of personal property. She also testified, that Dick Jackson, in whom the ownership of the dwelling-house alleged to have been broken into and entered, is laid, "*is* my husband." The other facts are stated in the opinion.

The City Court charged the jury, at the written request of the solicitor, that if they " believe from the evidence beyond

a reasonable doubt that the witness, Polly Jackson, is the wife of Dick Jackson, the alleged owner of the dwelling-house described in the indictment, and there is no evidence that said Polly and Dick were living apart permanently or divorced, and that, at the time of the burglary, Polly Jackson was living in the house, then the ownership of the house is properly laid in Dick Jackson." To this charge the defendant excepted.

JNO. GINDRAT WINTER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

. SOMERVILLE, J.—The indictment, in this case, charges the defendant with the crime of burglary, alleged to have been perpetrated by breaking into and entering the dwelling-house of one Dick Jackson, with intent to steal. The fact of the breaking and entering was circumstantially proved, and also the loss of certain articles of personal property, which were very soon afterwards found on premises occupied by defendant, and two or three other persons.

The defendant was, thereupon, arrested by warrant sued out before a magistrate by one Polly Jackson, who, being a witness, on the trial in the City Court, testified, among other things, as follows : " That when the preliminary trial was about to be had, *defendant called her aside and told her* if she would dismiss the prosecution, he would try to get her things for her ; that from a discription she had given of them, he thought *he knew where they were; and she then promised him* that she would dismiss the prosecution." The court allowed this evidence to be introduced against the objection of the defendant that the statement was *not voluntary*, and to this ruling of the court an exception was taken.

It is certainly true, that, before any confession can be received in evidence in criminal case, it must be shown to be *voluntary*. And, had the defendant been induced to make any statement in the nature of a confession, which was " forced from his mind by the flattery of hope or by the torture of fear," it should have been rejected as unworthy of credit. I Greenl. Ev. § 219 ; *Bonner v. State*, 55 Ala. 242. A promise to dismiss the prosecution would very clearly have been an inducement of. this character, and would have vitiated all confessions made on the strength of it, or elicited by its influence. But while such a promise is proved to have been made, the statement was not induced by it, but was antecedent to, and, therefore, of necessity uninfluenced by it. This evidence, we think, was properly admitted.

[Young v. The State.]

It was not competent to prove, against the timely objection of the defendant, that he refused to allow the witness to search his house without a search warrant. This was the assertion of a valuable and the undoubted constitutional right. Const. 1875, Art. 1, § 6 ; Code, 1876, §§ 4006 *et seq.* Under no possible circumstances can the mere assertion of such a right be construed into a criminative circumstance. If the imputation of guilt could be so inferred, the claim of constitutional rights would be dangerously prolific of legal wrongs, and thus become a snare, if not a mockery. We know of no rule of law tolerating a principle so contrary to reason or unjust in its sequence.

The charge given by the court below was erroneous. It authorized the jury to infer that the relationship of husband and wife existed between the witness, Polly Jackson, and Dick Jackson, at the time of the alleged burglary, because it was proved to exist at the *time of the trial.* When the existence of a personal relation, or a state of things continuous in its nature, is once established by proof, the law presumes that such *status continues to exist* as before, until the contrary is proved, or until a different presumption is raised from the nature of the subject in question.—1 Greenl. Ev. § 41 ; 2 Whart. Law Ev. § 1288. But this presumption can not be permitted to operate retrospectively so as to infer the *prior* existence of coverture, or other like relationship, from proof of its *present* existence. It may be that the parties contracted the relationship within a few days before the trial. There is no evidence from which the jury could lawfully infer that they were husband and wife at the time of the alleged burglary.

Reversed and remanded.