# Hubbard v. The State.

*Indictment for Grand Larceny.*

1. *Evidence of defendant's statements as part of res gestæ.*—On a trial for larceny where there was evidence that the owner of the stolen property charged defendant with the offense and searched his house and then his crib, after breaking the latter open, and found the stolen property concealed therein, both of which searches were in defend-ant's presence and without objection from him, it was competent for the State to prove as part of the *res gestæ* that defendant, on being asked for the key to his crib, stated that it had been lost or mislaid.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant was indicted, tried and convicted of grand larceny, for stealing a hog, and sentenced to the penitentiary for three years.

N. F. Dunning, introduced as a witness for the State, testified, among other things, that upon losing a hog, he and one Dannelly went to the defendant's house, and after the said Danelly telling the defendant that Dunning had lost a hog, and they believed that he had stolen it, and had come to search for it, they pro-ceeded to search the defendant's house, without any ob-jection on the part of the defendant. After searching the defendant's house, they proposed to search his corn crib, and asked the defendant for the key ; that thereup-on the defendant said the key was misplaced or lost, and could not be found, but he made no objection to the crib being searched. The defendant objected to the witness testifying as to what he said about the key to his corn crib, and moved the court to exclude such testimony

3

from the jury. The court overruled the objection and motion, and to this ruling of the court the defendant duly excepted. The witness then testified that upon pulling a plank off of the door of the crib, they found in said crib under several pounds of fodder, a barrel containing the parts of a hog cut up and salted. G. T. Dannelly, another witness for the State, testified that when he and the witness Dunning made the search of the defendant's house and corn crib they had no search warrant or writ of arrest. In other respects the testimony of this witness was substantially the same as the testimony of the witness Dunning. The defendant moved to exclude from the jury the testimony of this witness as to what the defendant said about the key to the corn crib being lost; and duly excepted to the court's overruling his motion.

This ruling of the trial court upon the evidence is the only question presented for review on the present appeal.

VIRGINIUS W. JONES, for the appellant.—The evidence objected to was invasive of a constitutional right and should have been excluded—Constitution of Alabama, Article I, Section 6.

Such evidence was inadmissible.—*Murdock v. The State*, 68 Ala. 567.

WM. C. FITTS, Attorney-General, for the State.–The action of the defendant in tacitly permitting the witnesses to enter the crib rebutted any presumption that may have arisen from the simple statement that he had lost the key, or that it was misplaced. This case is not at all analogous to *Murdock v. The State*, 68 Ala. 567, cited in Appellant's brief. There the defendant peremptorily refused to allow the parties to search his house and the court held that such refusal was inadmissible in evidence, and could not be considered as a criminative fact, as it was a simple assertion of a constitutional right. But in this case the right seems to have been waived,— defendant makes no objection and remains perfectly passive while the witnesses prosecute their search, and at no stage does he manifest an intention of asserting his unquestioned right to refuse admission to the parties.

[Orr v. The State.]

McCLELLAN, J.—The trial court did not err in re-
ceiving evidence of the fact that when Dunning and
others, who were looking for the property alleged to have
been stolen, proposed to search the defendant's corn crib,
which was locked, the defendant said the key had been
lost or mislaid.   It was shown   that, although none of
the party had a search warrant, the defendant made no
objection to his residence being searched, nor, after this,
to his crib being entered, by removing a plank from the
door, and   searched.   The fact in question, therefore,
that he said—whether falsely or not is not made to ap-
pear—that the key to the crib had been lost  or  mislaid,
was of the *res gestae* of the  broader general fact, itself
confessedly competent, of the search resulting in the
finding, hid away in the crib, of the stolen property, and
admissible as such, and cannot, in our opinion, be
brought within the principle of exclusion laid down in
*Murdock v. State*, 68 Ala. 567, in respect of evidence that a
defendant asserted the constitutional immunity of his
premises from unauthorized search.
    Affirmed.

