THE STATE OF KANSAS v. JOHN ESTLINBAUM.

1. INTOXICATING LIQUOR — *Unlawful Sale — Competent Juror.*   In a crim-inal prosecution, where the defendant was charged with keeping and maintaining a nuisance, to wit, a place for the sale of intoxicating liquors, a person who was called as a juror was shown by his own tes-timony to be a member of an organization called the "Good Tem-plars," whose object was as follows: "He did not understand the special object of such organization to be the enforcement of said [prohibitory liquor] law among others, but to promote temperance among its members by moral suasion."   *Held*, That such person was not shown by the foregoing to be incompetent to serve as a juror in the case.

2. ———— *Evidence.*   And in such a case it is not error for the trial court to permit the prosecution to introduce evidence of other sales

of intoxicating liquors than those of which the county attorney or the prosecuting witness had knowledge prior to the commencement of the prosecution.

*Appeal from Geary District Court.*

THE opinion states the facts.

*John O. Marshall,* for appellant.

*John N. Ives,* attorney general, and *James V. Humphrey,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution instituted originally before a justice of the peace of Geary county upon a complaint containing two counts, the first charging the defendant, John Estlinbaum, with the offense of unlawfully selling intoxicating liquors; and the second charging him with the offense of unlawfully keeping and maintaining a common nuisance, to wit, a place where intoxicating liquors were kept for unlawful sale and barter. The defendant, having been tried, found guilty and sentenced in the justice's court, appealed to the district court, where he was again tried, and he was there acquitted upon the first count and convicted upon the second; and he was then sentenced upon the second count to pay a fine of $200, and to be imprisoned in the county jail for 30 days, and the nuisance was ordered to be abated; and the defendant now appeals to this court.

In this court the defendant claims that the court below erred as follows: (1) In overruling his challenges of the jurors Durland and Cormack; (2) in permitting evidence to be introduced on the part of the state tending to show sales of which the prosecuting witness had no knowledge; (3) in giving the sixth and ninth instructions. We shall consider these alleged errors in their order.

I. The challenges of the jurors Durland and Cormack were for cause, and for the alleged reason that they were not impartial jurors for the following reasons: It appeared that they

belonged to an organization called the "Good Templars," the object of which, as shown by the testimony of one of such jurors, was as follows: "He did not understand the special object of such organization to be the enforcement of said [prohibitory liquor] law among others, but to promote temperance among its members by moral suasion." This certainly does not show that the jurors were not impartial, or that they could not try the case impartially, or that they were in any manner incompetent. These two jurors were afterward challenged peremptorily and their places were then filled with other jurors, and the defendant afterward exhausted all his peremptory challenges.

II. The second and third alleged errors present only one question of law, and that is, whether the state had the right, in order to prove the charge set forth in the second count of the complaint, to prove that the defendant made other sales of intoxicating liquors at the place charged to be a nuisance than those of which the prosecuting witness had knowledge. Such evidence was introduced, and the defendant claims that it was incompetent and prejudicial, and cites the case of *The State v. Brooks*, 33 Kas. 708, as authority for his contention. That case, however, can have no possible application to the present case. The *gravamen* of the offense charged in the Brooks case was the *unlawful selling* of intoxicating liquors; while the *gravamen* of the offense charged in the present case is the *unlawful keeping of a place* for the sale of intoxicating liquors. In that case it was absolutely necessary to prove an unlawful sale, and to prove the very one which was in effect charged in the complaint; while in the present case it was not necessary for the state to prove any sale, but only to prove that the defendant *kept a place for the unlawful sale* of intoxicating liquors; but in order to prove that the defendant kept such a place, and that the liquors were in fact *kept for sale,* the state had the right to prove that the defendant actually sold them at such place. The case of *The State v. Reno,* 41 Kas. 674, 684, No. 8 of the syllabus and the opinion, is applicable to this case, and is against the defendant's contention.

In a case like the present the state may prove as many sales as it chooses, provided they are unlawful sales of intoxicating liquors made by the defendant at the place charged, and it makes no difference whether the county attorney or prosecuting witness knew of such sales or not prior to the commencement of the prosecution.

The judgment of the court below will be affirmed.

All the Justices concurring.