## The State of Kansas v. Walter Lund.

1. Intoxicating Liquor — *Prosecution — Null Proceedings — Practice.*
   Where a criminal prosecution is commenced before a justice of the
   peace for violations of the prohibitory liquor law, and a hearing is
   had before the justice of the peace, which is treated by the justice
   of the peace and all the parties as a preliminary examination, and
   the defendant is required to enter into a recognizance for his ap-
   pearance at the the next term of the district court, and afterward
   the county attorney files an information in the district court charg-
   ing substantially the same offenses as were charged in the complaint
   filed with the justice of the peace, *held*, that the proceedings had
   before the justice of the peace may be treated as a nullity, and the
   case treated as commenced originally in the district court at the
   time when the information is filed.

2. One Count — *Two Different Offenses — Error.* Where an informa-
   tion in a criminal prosecution charges in one count two different
   offenses, it is error for the court to refuse, on motion of the defend-
   ant, to require the state to set forth each offense charged in a sep-
   arate count.

3. Several Sales — *Election — Error.* Where a defendant in a crim-
   inal prosecution is charged with the offense of selling intoxicating
   liquors in violation of law, and on the trial evidence is introduced
   tending to show several of such sales, and the defendant moves the
   court to require the state to elect upon which sale, as shown by the
   evidence, it will rely for a conviction, which motion is overruled by
   the court, *held*, error.

### *Appeal from Harper District Court.*

The facts are stated in the opinion.

14 — 49 kas.

*H. C. Finch,* and *Finch & Sisson,* for appellant:

The defendant, Lund, filed his motion to dismiss this action for the reason that the district court had no jurisdiction of this defendant, for the reason that the action had been originally begun before a justice of the peace, and that said justice, in the place of giving the defendant a trial, treated said hearing as a preliminary examination, and bound this defendant over to appear at the district court for trial. This is clearly error. The motion was overruled by the court, to which ruling the defendant, Lund, excepted. This motion should have been sustained and the case dismissed. *In re Donnelly,* 30 Kas. 191, 424; *The State v. Rice,* 3 id. 141; 1 Bish., Crim. Proc., § 316.

The court erred in refusing to compel the state to elect on which sale it would rely for a conviction. The information in this case charged an unlawful selling of intoxicating liquors, and that the defendant kept a place where intoxicating liquors were kept and sold in violation of law. This was all charged in one count. The defendant filed his motion to require the state to separately state and number the different offenses charged. This motion was overruled by the court. The jury found the defendant guilty of selling intoxicating liquors and keeping a nuisance. The court, in passing sentence on the defendant, sentenced him to pay a fine of $100, and to be committed to the county jail for 30 days, and pay the costs of the prosecution, taxed at $301.95. The court did not specify on which of the offenses of which the defendant was found guilty the judgment was pronounced. The state may claim that, if this is error, it is such an error that the defendant cannot complain of it. But we think that, there being two offenses charged, and the jury having found the defendant guilty of two offenses, he was entitled know, before the trial, exactly of what he was charged, that he might be enabled to prepare his defense accordingly. *The State v. Guettler,* 34 Kas. 582; *The State v. O'Connell,* 31 id. 383; *The State v. Crim-*

*mins,* 31 id. 376; *The State v. Olferman,* 29 id. 502; *The State v. Schweiter,* 27 id. 499.

After this action had been called to trial for the second time, at the January, 1892, term of the district court, the state filed its motion for leave to amend its information, by re-verifying the same. Leave was given to re-verify the information, to which the defendant excepted. This, in effect, charged the defendant with a new offense, as the information was sworn to originally by one H. E. Wooley, and this last time by one Milo A. Hare. This court has held that the defendant can only be convicted of an offense of which the person who verifies the information had knowledge at the time he verifies it. *The State v. Wisner,* 35 Kas. 271; *The State v. Brooks,* 33 id. 708.

*I. J. Beebe,* county attorney, *F. C. Raney,* and *I. P. Campbell,* for The State:

The case heard before the justice of the peace does not sustain the position of legal relativity to the case tried and determined in the district court. The appellant seems to have been arrested on July 3, 1891, upon a warrant issued by a justice of the peace of Odell township, Harper county, upon a complaint made and filed before him by a woman, Mrs. S. E. Rhodes. Defendant Lund appeared personally, and was represented by his attorney, Samuel Sisson. Evidence was introduced; the court became satisfied of Lund's guilt, and, upon the consent of all parties, bound him over to the district court of Harper county for trial. The state, at this hearing or whatever it may be termed before the justice, was not represented by counsel. The transcript of the justice shows the plaintiff to have been represented by one James Hunter, who, afterward, upon his cross-examination in the district court, declared that he was not, and did not intend to act as, an attorney at law. The county attorney had nothing to do with the proceedings before the justice of the peace. The information filed by the county attorney, and upon which the action in the district court was commenced and maintained,

was verified, not by the woman who made the affidavit to the complaint referred to, but by the positive witnesses, Dailey and Hare. The only apparent relation between the files in the two cases is a numerical coincidence. If the district clerk has erroneously associated and numbered the papers in the two cases, and consolidated the costs in making his assessment, we presume that a remedy other than that of appeal to the supreme court is prescribed by the statutes. However, we have not discovered any record of appellant's having attempted to cure this incidental error by an application of the simplest and most expeditious remedies within his reach. There is no record of the filing of a motion to retax costs, and as a matter of fact no such motion has been filed.

Moreover, while cheerfully admitting that consent on the part of a defendant will not legitimatize the improper transfer and acquisition of jurisdiction by courts, still, it seems to us, that an action having been commenced in the district court upon a positively-verified information, and the defendant having been arrested and his property seized upon a warrant based upon such information, a line of demarcation is established between any dormant case and the action so commenced, and that jurisdiction over both the person and the seized property is acquired by the district court. No steps were ever taken on the part of the state to obtain a forfeiture of the recognizance given by the defendant in the court of Justice Fisher. So far as the hearing before 'Squire Fisher is concerned, we think the court will feel quite satisfied that it has been properly ignored by the state, and only given inordinate prominence by counsel for appellant in their endeavor to establish a "substantial and prejudicial error."

Counsel claim that the appellant was prejudiced by the trial court's refusal to compel the state to elect upon which count in the information it would stand for a conviction. The cases cited by appellant in support of his position were brought under that section of our statutes which prescribes a penalty for the unlawful sale and barter of intoxicating liquors. This is an action prosecuted by the state under par-

agraph 2533, General Statutes of 1889, for the abatement of a nuisance and the punishment of its keeper. It seems to us that the authorities cited are not germane. The keeping of a nuisance is a continuous act, and it appears to us the state should be permitted to prove acts and circumstances tending to show its existence and continuity. The defendant is not confronted with the naked charge of selling intoxicating liquors in contravention of law, only so far as such unlawful act goes toward constituting the offense of keeping such a nuisance as is made indictable by that section of the statute under which this action is brought and maintained. The defendant was tried for no other offense. It is true that the jury did find Lund guilty of selling intoxicating liquors unlawfully; but the first part of the finding is, in reality and effect, nothing more than a statement of one of the facts that entered into the major premises from which the jury deduced the defendant's guilt in keeping a common nuisance.

Counsel for appellant impute error to the trial court in allowing the information to be re-verified. The information was originally verified by one Milo Hare, whose testimony was fully given at the first trial. There was no surprise; he made no motion or application for continuance because of the court's permitting a re-verification. This allegation seems to us to be sufficiently disproved by the facts recorded and already brought to the notice of the court.

We ask this court to affirm the judgment of the district court of Harper county, and inform counsel for the appellant that the political complexion of the trial court, so masterfully insinuated by them in their brief, can hardly be considered as contributory error, pleadable in support of a prayer for reversal. Justice is non-partisan.

The opinion of the court was delivered by

VALENTINE, J.: This case, as brought to this court, presents many novel features, and numerous errors are alleged; but, with the views that we entertain, it will not be necessary to discuss many of them. The case, or a very similar one,

was commenced on July 3, 1891, before a justice of the peace of Harper county, in the name of the state of Kansas, and against the defendant, Walter Lund, and others, by filing a complaint charging the defendants in two separate counts, (1) with selling intoxicating liquors in violation of law, and (2) with keeping a place where intoxicating liquors were kept for sale and sold, and where persons were permitted to resort, etc., in violation of law. The defendant was arrested and a hearing was had before the justice of the peace, which hearing seems to have been treated by the justice of the peace and all the parties as a preliminary examination. The record of the justice of the peace shows that, "by consent of all parties, the defendant, Walter Lund, was bound over to court;" and the defendant, with proper sureties, entered into a recognizance that he would "appear before the district court of Harper county on the first day of the next term thereof, and not depart the same without leave." Afterward the justice of the peace filed the papers of the case and a transcript of his proceedings with the clerk of the district court, and the clerk numbered the same "291." Afterward, and on September 28, 1891, the county attorney of Harper county filed an information in the district court charging the defendant and the others in one count with substantially the same offenses as were charged in the complaint filed in the justice's court, and this was also numbered "291," and the case was afterward prosecuted under that number. The information was verified by the oath of H. E. Wooley. That portion of the information which charges the offenses reads as follows:

"And in said place the said Walter Lund, August Dreward, and John Jones, whose real name is to me unknown, as well as divers other persons, with the knowledge and consent of the said Walter Lund, August Dreward, and John Jones, as aforesaid, on said day and at said time unlawfully did sell, barter, give away, and keep for sale, barter, and use, intoxicating liquors, and did then and there unlawfully keep said place where persons were unlawfully permitted to resort, for the purpose of drinking intoxicating liquors as a beverage, to the common nuisance of the people of the state of Kansas, and in

violation of the act of the legislature approved February 19, 1881."

Afterward, and on October 7, 1891, the defendant filed in the district court a motion to dismiss the action, for the reason that the same had been commenced before a justice of the peace, and that the district court had no jurisdiction, which motion was by the court overruled. Afterward, and on January 7, 1892, the defendant filed the following motion:

"Comes now the above-named defendant, Walter Lund, and moves the court to require the plaintiff in this action to separately state the different offenses set forth in the information filed herein, and to set out the said separate offenses, to wit, the offense of selling liquor unlawfully, and the offense of keeping a common nuisance, in separate counts, that this defendant may know what he is required to defend against."

Which motion was by the court overruled. Afterward, and on January 25, 1892, the information was again verified by the oath of Milo A. Hare. Afterward, and on January 25 and 26, 1892, the case was tried before the court and a jury, and during the trial, and after the state had introduced all its evidence and had rested its case, the defendant filed and presented a motion asking the court to require the state to elect on which sale, as shown by the evidence, it would rely for a conviction, which motion the court overruled. Afterward the court instructed the jury, substantially, that two offenses were charged in the information against the defendant, one for selling intoxicating liquors, etc., and the other for keeping the place where they were kept, and where persons were permitted to resort, etc. The court, in speaking of the supposed offenses charged, used the word "charges," and also the words "either of the charges;" and also instructed the jury, among other things, as follows:

"The jury may find the defendant not guilty as to one of the charges and guilty as to the other, or they may find him guilty upon both charges, or they may find him not guilty as to both charges."

Afterward the jury rendered a verdict, as follows:

" We, the jury impaneled and sworn in the above-entitled

case, do, upon our oaths, find the defendant guilty of selling intoxicating liquor as a beverage; and we further find the defendant guilty of keeping the place as a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage."

Afterward, the court sentenced the defendant to imprisonment in the county jail for 30 days, and to pay a fine of $100 and the costs of suit, and to stand committed to the county jail until the fine and costs were paid; and the defendant appeals to this court.

The first question presented in this court is upon the contention of the defendant that the district court did not have any jurisdiction to hear and determine the case, and this for the reason that the action had been originally commenced before a justice of the peace. It is claimed that the justice of the peace had jurisdiction to hear and determine the case finally, and no power to hold a preliminary examination with respect thereto, and that he could not properly send the case to the district court, all of which is true and correct. (*In re Donnelly*, 30 Kas. 191, 424.) In other words, it is claimed that the case could not go to the district court as from a preliminary examination, and that it did not go to such court as on an appeal, all of which is also correct, and therefore it is claimed that it did not go to the district court at all from the justice of the peace, and therefore that the district court did not and could not obtain jurisdiction to hear and determine the case. The fact, however, is, that the district court could, and, as we think, did, obtain jurisdiction in another way. It has original jurisdiction in such cases, and could hear and determine them without their ever having been instituted before any justice of the peace at all. We think when the justice of the peace and the parties treated the proceedings before him as a preliminary examination, and when they all consented that the defendant should be "bound over to court," meaning the district court, they abandoned all proceedings before the justice of the peace, made them a nullity, and the justice of the peace lost jurisdiction of the case, and when

the county attorney afterward filed the information in the district court he virtually and in effect commenced a new action in that court. This also decides some other questions presented by the defendant to this court. For instance, the court below permitted testimony to be introduced tending to prove sales of liquors and the keeping of the premises which occurred after the commencement of the proceedings before the justice of the peace but before the information was filed in the district court, and the court below afterward, by giving and refusing instructions, held that this was correct. And with the views that we entertain of the case we also think it was correct. In our opinion, the court below did not err in overruling the motion to dismiss, nor in permitting evidence to be introduced tending to show the defendant's guilt at any time within two years prior to the filing of the information.

The next question to be considered is, whether the court below erred or not in refusing to require the state to separately state, in separate counts, the different offenses charged in the information. We think the court erred in this. Two offenses were charged in the information, and the court below so understood it, as is shown by the evidence permitted to be introduced and the instructions given. The case was evidently tried upon the theory that two offenses were charged, and the jury found the defendant guilty of both; and while the court sentenced the defendant for the commission of one only, no one can tell which one that was. The court may have sentenced him for selling intoxicating liquors in violation of law, or it may have sentenced him for keeping a nuisance in violation of law. Also, as evidence was introduced tending to show different sales of intoxicating liquors, the court erred in refusing to compel the state to elect on which sale it would rely for a conviction. (*The State v. Schweiter*, 27 Kas. 500, 512; *The State v. Crimmins*, 31 id. 376, 379; *The State v. O'Connell*, 31 id. 383; *The State v. Guettler*, 34 id. 582.) In the case of *The State v. Crimmins*, supra, the following language is used:

"If any other rule were adopted, the defendant might be

charged with the commission of one offense, tried for 50, compelled to make defense to all, be found guilty of an offense for which he had made no preparation and had scarcely thought of, and found guilty of an offense which was really not intended to be charged against him; and in the end, when found guilty, he might not have the slightest idea as to which of the offenses he was found guilty of. Also, if evidence was introduced tending to prove 12 or more different offenses, the jury might find him guilty without any two of the jurors agreeing that he was guilty of any particular one of such offenses. One juror might believe that he was guilty of one offense, another juror of another, and so on with respect to all the jurors and all the offenses, each juror believing that the defendant was guilty of some one of the offenses which the evidence possibly tended to prove, but no two jurors agreeing that he was guilty of the same identical offense."

This applies only to the charge of selling intoxicating liquors. It does not apply to the charge of keeping a nuisance. (*The State v. Estlinbaum*, 47 Kas. 291.) Where a person is properly charged, under § 13 of the prohibitory liquor law, as amended in 1887 (Gen. Stat. of 1889, ¶ 2533), with keeping a place as a nuisance where intoxicating liquors are kept for sale or sold, or where persons are permitted 'to resort for the purpose of drinking, etc., any number of sales may be shown, and the state is not required to elect upon which sale it will rely for a conviction. But in the present case, however, the defendant was charged with, tried for and convicted of selling intoxicating liquors in violation of law, and his sentence may have been for that very offense. There is nothing in the record showing the contrary; hence the refusal of the court below to require the state to elect upon which one of the sales shown by the evidence it would rely for a conviction was material error. For the foregoing errors, the judgment of the court below must be reversed. There is no necessity for the state to resort to violations of law for the purpose of convicting any one of violating the law.

We think it is not necessary to discuss or decide any of the remaining alleged errors. The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.