## THE STATE OF KANSAS v. WALTER LUND.

COMMON NUISANCE — *Intoxicating Liquors — Illegal Sale — Evidence.* Where a defendant is charged, under § 392 of the crimes act, (Gen. Stat. of 1889, ¶ 2533,) with keeping and maintaining a common nuisance, contrary to the prohibitory liquor law, the trial court commits no error in instructing the jury, upon the evidence presented, to find the defendant guilty for selling intoxicating liquors upon the premises described in the information at the time therein alleged, if it further appears from the uncontradicted evidence that the defendant had the key of the premises, opening and closing doors, and the general charge thereof.

*Appeal from Harper District Court.*

PROSECUTION against *Lund* for keeping a place as a common nuisance where liquors were kept for sale, and for selling liquors in violation of law. Defendant was found guilty of keeping a nuisance, and judgment was rendered thereon. He appeals. The material facts are stated in *The State v. Lund,* 49 Kas. 209, and in the opinion herein, filed at the April, 1893, session of the court.

*Sam. S. Sisson,* and *Geo. W. Finch,* for appellant.

*T. J. Beebe,* county atttorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: At the July session of this court for 1892, this cause was reversed, and remanded for a new trial. (*The State v. Lund,* 49 Kas. 209, 30 Pac. Rep. 518.) When the cause was called again for trial in the district court, Lund presented a motion asking that the state be required to charge in separate counts the two different offenses alleged in the first count. This motion was sustained by the state's being permitted to amend by inserting a second and further count, charging Lund with selling and bartering intoxicating liquors in violation of law. After the second count was filed, at the instance of the prosecuting attorney, the court tried the case upon the theory that the first count charged Lund with the offense of keeping and maintaining a common nuisance only, in violation of § 392 of the crimes act. (Gen. Stat. of 1889, ¶ 2533.) Lund was sentenced for keeping a common nuisance. The jury found him not guilty upon the charge of selling intoxicating liquors, as alleged in the second count. He appeals, and complains of various rulings. Upon the first trial this case was erroneously tried, upon the theory that two offenses might be charged in one count; that the jury might find the defendant guilty of one or both, and that the court might sentence for either. Upon the second trial, however, Lund was not misled in any way by the information. Upon

the first count, he was tried for keeping a place as a common nuisance, where intoxicating liquors were kept for sale or sold. Upon the second count, he was charged and tried for selling intoxicating liquors in violation of law. There was no confusion on the second trial of two offenses in the same count, as when Lund was first convicted. We do not think there was any error, at least any error prejudicial to Lund, upon the second trial, concerning the way the offenses were charged and tried. As the defendant was discharged from the second count, it is unnecessary to refer to the instructions thereon, but it appears from the record that the court properly instructed the jury that the state could not convict upon the second count unless the sale was established which the state elected to rely upon for a conviction.

It is also urged that the trial court committed error in instructing the jury to find Lund guilty of keeping a common nuisance if, at the time alleged, he sold and bartered intoxicating liquors upon the premises described in the first count. In some cases, perhaps, this instruction might be misleading, or not sufficiently explicit; but in this case there was no evidence tending to show that Lund was acting as clerk or agent for the owner or keeper of the premises, or any other person. The intoxicating liquors were sold upon the premises by a wheel, generally known as "blind tiger," the person furnishing the intoxicating liquors on the wheel and receiving the money being concealed at the time of the transactions. The evidence clearly showed that Lund was in charge of the premises, had the key for opening and closing the same, and, if he sold and bartered the intoxicating liquors at the time and place as found by the jury, he was clearly guilty of the offense of which he was convicted. (*The State v. Schweiter*, 27 Kas. 499; *The State v. Teissedre*, 30 id. 476; *The State v. Nickerson*, 30 id. 548.)

Upon the record, the trial court committed no error in refusing to sustain the motion for a new trial.

The judgment of the district court will be affirmed.

All the Justices concurring.