THE STATE OF KANSAS v. JAMES M. ALLPHIN.

No. 42.

1. PROHIBITORY-LIQUOR LAW—*Complaint.*  A complaint before a justice of the peace charging the defendant with selling spirituous, malt, vinous, fermented and other intoxicating liquors, on the 4th day of November, 1894, giving the name of the county and state, without taking out and having a permit therefor, is a sufficient complaint against the party for a violation of the prohibitory law.

2. ——— *Complaint—Nuisance.*  A complaint before a justice of the peace, which alleges that a certain building, describing it and giving its location, in the city of Sterling, Rice county, in the state of Kansas, was and still continues to be a place where spirituous, vinous, malt, fermented and other intoxicating liquors were and have been and still are continuing to be sold and bar-

tered in violation of an act of the legislature of the state of Kansas entitled "An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale for the excepted purposes," and that James M. Allphin then and there, at the times above stated, unlawfully did keep and maintain, and still continues to keep and maintain, said above-described place, contains all the the facts necessary to constitute a public offense under the prohibitory law for the maintaining of a nuisance.

3. —————— Nuisance—Jurisdiction. The keeping or maintaining of a nuisance under section 13 of the prohibitory law is a misdemeanor, and within the jurisdiction of a justice of the peace.

4. —————— Complaint—Time. Where a complaint before a justice of the peace contains two or more counts, and the time and place are definitely stated in the first count thereof, and in the subsequent counts thereof charges the defendant with then and there doing acts which constitute an offense, it is a sufficient setting forth of the time as to inform the defendant of the time of the commission of the offense.

MEMORANDUM.—Appeal from Rice district court; ANSEL R. CLARK, judge. Prosecution for violation of the prohibitory-liquor law. The defendant, James M. Allphin, was convicted, and appeals. Affirmed. The material facts are stated in the opinion herein, filed October 12, 1895.

*J. W. Brinckerhoff*, and *Davidson & Williams*, for appellant.

*S. H. Jones*, county attorney, *Samuel Jones*, and *C. F. Foley*, for The State.

The opinion of the court was delivered by

JOHNSON, P. J. : This was a prosecution commenced before a justice of the peace in Rice county, Kansas, against the defendant for a violation of the prohibitory-liquor law, in which the defendant was charged in six counts with sales of intoxicating liquor contrary to the statute ; also, in the seventh count, he was charged with keeping and maintaining a nuisance.

The first count is as follows :

"A. E. Wellman, being duly sworn, on his oath says, that on the 4th day of November, A. D. 1894, in the county of Rice, in the state of Kansas, one James M. Allphin, spirituous, malt, vinous, fermented and other intoxicating liquors, without first taking out and having a permit therefor, then and there unlawfully and wilfully did sell, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Kansas."

The second, third, fourth, fifth and sixth counts are similar to the first.

The seventh count is as follows :

" And said A. E. Wellman, being duly sworn, on his oath says, that the wooden building located and standing on lot 89, Broadway street, in the city of Sterling, in said county and state, was, and still continues to be, a place where spirituous, vinous, malt, fermented and other intoxicating liquors were, and have been, and are still continuing to be, sold and bartered in violation of an act of the legislature of the state of Kansas entitled, 'An act to prohibit the manufacture and sale of intoxicating liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes,' to the common nuisance of the citizens and people of the state of Kansas, and that James M. Allphin, then and there, at the times above stated, unlawfully did keep and maintain, and still continues to keep and maintain, said place above described, without first taking out and having a permit therefor, to the common nuisance of the citizens and people of the state of Kansas."

To this complaint the defendant filed a motion to quash, setting up five separate causes why the complaint should be quashed :

"(1) That the said pretended complaint is bad for duplicity. (2) That said pretended complaint as-

sumes and undertakes to charge this defendant with two separate and distinct offenses under the laws of the state of Kansas. (3) That two crimes under the laws of the state of Kansas, which two crimes are totally distinct and separable, are attempted to be charged in said complaint. (4) That the sixth count in said complaint is bad for duplicity, in that it attempts to charge two distinct and separate offenses. (5) That said complaint nor any count thereof states any offense against the laws of the state of Kansas.''

This motion was argued before the justice of the peace and overruled, and defendant was tried before said justice and a jury on said complaint, and was found guilty on the first and seventh counts, and not guilty on the second, third, fourth, fifth and sixth counts, and was fined by said justice of the peace for each offense of which he was so found guilty. The defendant gave notice of an appeal, and the case was appealed to the district court of Rice county; and said motion to quash the complaint was argued in the district court and overruled, and defendant was tried upon said first and seventh counts in said complaint, which resulted in a conviction, and the defendant was fined on the first count $100 and adjudged to stand imprisoned in the county jail for 30 days, and on the seventh count was fined $100 and imprisonment in the county jail for 30 days. From the judgment imposing such fine and imprisonment on said counts the defendant appealed to the supreme court, and the case so appealed was duly certified from the supreme court to this court for its determination. The defendant having been acquitted on the second, third, fourth, fifth and sixth counts in the complaint, it is unnecessary to notice any of the objections urged against the complaint so far as these five counts are concerned. We will treat the complaint as though it contained

the two remaining counts, the first and the seventh.

The first error complained of by defendant is that the district court erred in not sustaining his motion to quash the complaint, or either count thereof. The first count charges the defendant with selling spirituous, malt, vinous, fermented and other intoxicating liquors in Rice county, in the state of Kansas, without then and there taking out and having a permit therefor. This count contains a statement of facts constituting a public offense against the laws of the state in clear and concise manner, and contains all that is necessary in charging a single offense under section 4, chapter 149, Laws of 1885, being section 386, chapter 31, General Statutes of 1889, and the objection thereto was properly overruled.

The seventh count charges that the wooden building located and standing on lot 89, Broadway street, in the city of Sterling, in the county of Rice and state of Kansas, was and still continues to be a place where spirituous, vinous, malt, fermented and other intoxicating liquors were and have been and still are continuing to be sold and bartered in violation of an act of the legislature of the state of Kansas entitled "An act to prohibit the manufacture and sale of intoxicating liquors except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes," to the common nuisance of the citizens and people of the state of Kansas, and that James M. Allphin, then and there, at the times above stated, unlawfully did keep and maintain, and still continues to keep and maintain, the said above-described place, without taking out and having a permit therefor. This count of the complaint contains a description of the place where spirituous, vinous, malt, fermented and other intoxi-

cating liquors have been and are continuing to be sold by the defendant, and alleges that the defendant has been and still is continuing to maintain said place, and continuing to sell such liquors in violation of law, and contains all the facts necessary to constitute a public offense under section 13 of the prohibitory act, (§ 392, ch. 31, Gen. Stat. 1889,) and contains but a single offense ; and the motion to quash was properly overruled.

Counsel in their brief do not complain so much about the facts stated in the complaint itself, but insist that the justice of the peace had no jurisdiction to hear and determine the seventh count in this complaint, and if the justice had no jurisdiction, then the district court acquired no jurisdiction by appeal. Section 9 of article 3 of the constitution of Kansas provides : '' Two justices of the peace shall be elected in each township, whose term of office shall be two years, and whose powers and duties shall be prescribed by law.'' Under this provision the legislature may confer upon justices of the peace such general or special jurisdiction not in conflict with the exclusive jurisdiction vested by the constitution and laws in other courts as it shall deem wise. Section 1 of chapter 83, General Statutes of 1889, reads :

'' Justices of the peace shall have concurrent original jurisdiction with the district court, coextensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed $500, and imprisonment cannot exceed one year, except as otherwise provided by law.''

Article 1 of chapter 82, General Statutes of 1889, gives the definition of public offenses and the division thereof :

'' Public offenses are divided into felonies and misdemeanors. A felony is an offense punishable by

death or confinement and hard labor in the penitentiary ; all other public offenses are misdemeanors.''

The keeping and maintaining a place where spirituous, vinous, fermented and other intoxicating liquors are sold for other than the excepted purposes is declared to be a common nuisance, and punishable by fine of not less than $100 nor more than $500, and by imprisonment in the county jail not less than 30 days nor more than 90 days. This makes the maintaining of such a place a public offense, and prescribes such punishment to be inflicted upon the keeper or owner thereof, whenever he may be found guilty, as to bring the same within the definition of a misdemeanor, and the punishment for the offense is such as to bring it within the jurisdiction of a justice of the peace.

It is contended by counsel for defendant that the section of the prohibitory law under which the seventh count of the complaint is drawn does not confer jurisdiction upon justices of the peace ; that this section does not declare the offense therein named to be a misdemeanor, but says that the owner or keeper of the place shall be adjudged guilty of keeping a common nuisance. It is true that our statute, in defining what a misdemeanor is, declares that all offenses not felonies are misdemeanors ; but did the legislature, in the act referred to, intend to make the keeping and maintaining a common nuisance, as therein defined, a misdemeanor, at least, so as to confer jurisdiction upon justices of the peace? The argument of counsel is somewhat ingenious, and is based upon the theory that the same section provides for shutting up and abating a nuisance and for restraining the party from keeping or maintaining the same, and that the order provided for in this section cannot be made by a justice of the peace ; that it is an elementary principle of

law that the power to abate carries with it the power
to restrain and enjoin the creation or maintenance;
that this section in express terms gives power both to
abate and to enjoin the maintenance of one; that then
the phrase in said section, "upon the judgment of a
court having jurisdiction finding such place to be a
nuisance under this section," must apply to other
than a justice's court.

This section declares the place to be a nuisance,
and upon the conviction of the keeper or owner it pre-
scribes a punishment for keeping and maintaining the
same, and also provides for an injunction to enjoin or
restrain the party from further maintaining the nui-
sance.   Either or both of these remedies may be re-
sorted to for the purpose of enforcing the prohibitory
law.   Justices of the peace are officers created by the
constitution, which declares that they shall possess
such powers and duties as shall be prescribed by law;
and the law has prescribed that they shall have con-
current original jurisdiction in all cases of misde-
meanors in which the fine cannot exceed $500 and
the imprisonment cannot exceed one year.   It was in
the power of the legislature to confer jurisdiction
upon justices of the peace in all cases of misdemean-
ors, and, within the constitutional grant, the legisla-
ture has conferred concurrent jurisdiction on justices
of the peace to try and determine all cases of misde-
meanor.   The case of *The State v. Lund*, 49 Kan. 209,
was a prosecution against the defendant for maintain-
ing a common nuisance.   The defendant was arrested
and taken before a justice of the peace on a complaint
charging him with keeping a common nuisance.   A
hearing before the justice of the peace was treated as
a preliminary examination, and the defendant, Lund,
was bound over to the district court, and entered into

recognizance with sureties for his appearance in court. The justice of the peace filed a transcript of his proceedings with the clerk of the district court. Thereupon, the county attorney filed an information in the district court charging the defendant with maintaining a nuisance. The defendant filed a motion in the district court to dismiss the prosecution for the reason that the same had been commenced before a justice of the peace and the district court had no jurisdiction, which motion was overruled, and defendant was tried and convicted, and appealed to the supreme court. VALENTINE, J., delivering the opinion of the court, says :

"The first question presented in this court is upon the contention of the defendant that the district court did not have any jurisdiction to hear and determine the case, and this for the reason that the action had been originally commenced before a justice of the peace. It is claimed that the justice of the peace had jurisdiction to hear and determine the case finally, and no power to hold a preliminary examination with respect thereto, and that he could not properly send the case to the district court, all of which is true and correct. In other words, it is claimed that the case could not go to the district court as from a preliminary examination, and that it did not go to such court as on an appeal, all of which is also correct."

The statute conferring jurisdiction on justices of the peace in cases of misdemeanors in express terms confers original jurisdiction upon them concurrent with the district court in all cases of misdemeanor when the fine cannot exceed $500 and the imprisonment cannot exceed six months. The express power to take jurisdiction of a criminal prosecution and render judgment therein implies that the court upon which jurisdiction is conferred may hear and determine all questions that properly or necessarily arise upon the

trial of the case and affecting the party accused and involved in the action.   The right of the public to be protected against the keeping or maintaining of a nuisance and the guilt of the party charged with keeping or maintaining the same are in issue on the trial of the case, and to that extent a just determination of the question involved arising on the action may be had, and, if the party be found guilty, the justice has power to assess the punishment by fine and imprisonment, and has full power to order the sheriff or other proper officers to shut up and abate the place as a nuisance.   The order to shut up and abate the place as a nuisance is not a part of the punishment for the offense, but is allowed as a protection of the public against the recurrence of the same annoyance to the people, and this being the necessary sequence following the conviction of the keeper, the justice of the peace has full power to make the order to shut up and abate the place as a common nuisance.   In the case of *The State, ex rel., v. Crawford,* 28 Kan. 744, the court uses the following language :

" This case grows out of, and is founded upon, the same facts as the case just decided [28 Kan. 726] of this same title, except that upon the facts of this case another and additional question is raised, to wit, Is the remedy given by section 13, chapter 128, Laws of 1881, providing for shutting up and abating all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, a civil action or a criminal proceeding?   Unquestionably, we think, it is a criminal proceeding.   The entire section seems to be dealing with matters of a criminal nature and not with matters of a civil nature.   There is nothing in it that seems even to squint toward a civil action.   Besides, the abatement of nuisances always was a matter for criminal jurisdiction, and never was, at common law, a matter for civil jurisdiction.   It is

true that courts of equity in rare cases have sometimes taken jurisdiction of nuisances and perpetually enjoined the same; and possibly courts of equity may have, in extremely rare cases, gone to the extent of abating nuisances; but such cases have been so extremely rare that they need scarcely be taken into consideration when attempting to construe a statute which seemingly and apparently is nothing but a criminal statute.''

It is further insisted that the complaint is defective in not stating the precise time when the offense was co.nmitted. The first, second, third, fourth, fifth and sixth counts of the complaint charge the offense to have been committed on the fourth day of November, 1894, and are as definite and certain in the allegations of the time as it was possible to make them. The seventh count, after describing the building and the place where intoxicating liquors were sold, charges:

''Was and still continues to be a place where spirituous, vinous, malt, fermented and other intoxicating liquors were and have been and still are continuing to be sold and bartered in violation, · .   .   . and that the said James M. Allphin, then and there, at the times above stated, unlawfully did keep and maintain, and still continues to keep and maintain, the said place above described.''

Section 105, chapter 82, General Statutes of 1889, reads:

'' The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense.''

In the case of *Evans v. The State*, 24 Ohio St. 208, where the indictment contained two counts, the second count charged the defendant as follows:

'' The said Samuel B. Evans, on the day and year

aforesaid, unlawfully, violently, and in a menacing manner, did assault the said Amelia Gilzer, then and there being, and her, the said Amelia Gilzer, then and there did beat.   .   .   .''

On the trial the defendant was found not guilty under the first, and guilty under the second count of the indictment.   The defendant thereupon filed a motion in arrest of judgment, for the reason that the second count did not state the place where the alleged offense was committed.   The court, in passing on the question, says :

'' Where there are several counts in an indictment, in the first of which the time and place are specifically stated, it is sufficient, under section 90 of the criminal code, to allege in the subsequent counts that the offense therein described was *then* and *there* committed.''

Section 110 of the criminal code of Kansas is precisely the same as section 90 of the criminal code of Ohio, so far as the sufficiency of the information or indictment is concerned, as to the time and place. Section 110 of the criminal code of Kansas reads :

''No indictment or information may be quashed or set aside for any of the following defects :   First. For a mistake in the name of the court or county in the title thereof.   Second. For the want of an allegation of the time or place of any material fact, when the venue and the time have once been stated in the indictment or information.''

The complaint was filed and sworn to on the 5th day of November, 1894.   The seventh count charges that a certain building, describing it, '' was and is and still continues to be a place where intoxicating liquors were and have been and now are and still continue to be sold in violation of law, and the said James M. Allphin, then and there, at the times above stated, unlawfully did keep and maintain said place, and still

continues to keep and maintain said place. . . ."
The complaint charges the defendant with keeping
and maintaining the place at the time of making and
filing the complaint, on the 5th day of November,
1894, and is a sufficient charging of the time so as to
inform the defendant of the offense of which he stands
charged and of the time the offense was committed.
( *The State v. Cooper,* 31 Kan. 505 ; *The State v. Brooks,*
33 id. 708 ; 1 Bish. Crim. Proc. § 243.)

It is contended by counsel for the defendant that the
court erred in the admission of evidence, but they
base their objection principally on the theory that the
court, not having jurisdiction of the seventh count,
erred in admitting evidence to show different sales
made of intoxicating liquors, to the prejudice of the
defendant on the trial, so far as the first count was
concerned. We have examined the evidence given
and offered on the trial of the case, and find no error
in the admission or rejection of evidence.

It is finally claimed by the defendant, that the judg-
ment under the seventh count of the complaint is er-
roneous, and ought not to stand. The judgment under
the seventh count is as follows : .

"It is considered and adjudged that the said defend-
ant . . . be adjudged to pay a fine of $100 and
be imprisoned in the county jail for a period of 30 days
upon the seventh count of said complaint, which im-
prisonment shall commence at the expiration of the
sentence of imprisonment upon the first count herein-
before set forth, and that the defendant is adjudged to
pay the cost of this action, taxed at $———; that he
be imprisoned in the county jail until said fine and
costs are paid."

Section 250 of the criminal code reads :

"When any person shall be convicted of two or more
offenses before sentence shall have been pronounced

upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior convictions.''

The assessment of the fine and imprisonment are in strict accordance with the statute, and the time at which the imprisonment shall commence is in strict conformity with section 250 of the criminal code.

There being no error on the trial of this case, the judgment of the district court is affirmed.

All the Judges concurring.