THE STATE OF KANSAS v. EDNA WALTERS.

No. 10633.

NUISANCE INDICTMENT — *under liquor law, description sufficient which will enable sheriff to identify place.* In an indictment under the prohibitory liquor law for maintaining a nuisance, the location of the nuisance was described as follows: "Said place being kept and maintained on lots 10 and 12, block 63, city of Fort Scott, Kansas, and said place being a common nuisance." *Held,* upon a motion to quash, that the indictment is not fatally defective because of indefiniteness in describing the place.

*Appeal from Bourbon District Court.*
*Hon. Walter L. Simons, Judge.*

REVERSED AND REMANDED.    OPINION FILED FEBRUARY 6, 1897.

*C. E. Cory,* County Attorney, for the State.
*Biddle, Boyle & Sheppard,* for appellee.

JOHNSTON, J.   This is an appeal from a ruling quashing an indictment in which it was alleged that Edna Walters kept and maintained a place where intoxicating liquors were sold, bartered and given away, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where such liquors were kept for sale, barter and delivery in violation of the statutes ; "said place

being kept and maintained on lots 10 and 12, block 63, city of Fort Scott, Kansas, and said place being a common nuisance.'' The ground upon which the indictment was quashed was that it did not specifically describe the place where the nuisance existed.

In prosecutions under the prohibitory liquor law, it is necessary to describe the place kept and maintained as a common nuisance ( § 399, Crimes Act ) ; and the question for decision in the present case is whether the description is sufficient as against the motion to quash. The description should be sufficiently definite to advise the defendant as to the charge he is called upon to meet, and also to enable the sheriff to identify the place in the event that an abatement of the alleged nuisance is adjudged. Here the premises are described so that no difficulty could be experienced in finding them. Such a description would be sufficient in an instrument conveying or mortgaging the premises, and it would meet the requirements of the law in notices of tax or attachment proceedings. It is true that no building or other structure is mentioned, and it appears from like cases which have been before this Court that such traffic is usually conducted in buildings ; but the Court cannot say that there are any buildings on the lot described. It is possible to maintain a nuisance of the character described upon the open ground, and the whole of the ground might be so used. In such a case, the description we have here would be complete and the indictment sufficient. The indictment does describe a place, and, upon the motion to quash, the court cannot speculate as to the size of the lots, whether there is one or more buildings thereon, or whether they are improved in any way. Of course, if there were structures on the ground, only a part of which were devoted to the illegal use, such part

should be described in the indictment. If it is developed on the trial that such a condition exists, specifications or a bill of particulars may be required from the State; but if it appears that the place as described may be readily understood by the defendant, and may be identified by the sheriff, so that, if it is declared to be a nuisance, he can abate it in the manner provided by statute — that is, "by taking possession thereof, and by taking possession of all such intoxicating liquors found therein, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance" (§ 392 Crimes Act,), the description will be deemed to be sufficient. As the question arose, we cannot say that greater particularity of description was necessary, nor that the indictment did not state an offense. Reference has been made to the following cases that have some bearing upon the question: *The State of Kansas v. Muntz,* 3 Kan. 383; *Hagan v. The State,* 4 id. 89; *West v. City of Columbus,* 20 id. 633; *The State v. Sterns,* 28 id. 154; *The State ex rel. v. Crawford,* 28 id. 726; *The State v. Nickerson,* 30 Kan. 545; *The State v. Allphin,* 2 Kan. App. 28.

The judgment of the District Court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.