The State v. Frazier.

---

THE STATE OF KANSAS, *Appellee*, V. R. D. FRAZIER, *Appellant.*

No. 17,577.,

HEADNOTE BY THE REPORTER.

INTOXICATING LIQUORS—*Nuisance—Evidence.* Upon examination of the record it is held: (1) that the evidence was insufficient to locate the nuisance at the place described in the information; (2) that there was error in the admission of certain evidence; (3) that there was error in striking out certain evidence.

Appeal from Ellsworth district court. Opinion filed November 11, 1911. Reversed.

*R. A. Lovitt,* for the appellant.

*John S. Dawson,* attorney-general, and *S. N. Hawkes,* assistant attorney-general, for the appellee.

*Per Curiam:* The defendant was charged with selling intoxicating liquor in five counts and was acquitted thereof.

In the sixth count he was charged with maintaining a place where intoxicating liquors were unlawfully kept for sale. On this count he was found guilty and now appeals.

The place is described only as follows, "that in the buildings and places appurtenant thereto, situated on lot 1 in block 29, in the city of Ellsworth, Ellsworth county, state of Kansas." The witnesses generally described the place concerning which they testified as "on Main or Front street, just west of the White House right on the corner in the city of Ellsworth, Ellsworth county, Kansas." Some witnesses said it was in a building in which the defendant resided and kept a restaurant. If to the description of the building, in the information, had been added "in which the defendant resides" or "in which the defendant keeps a restaurant," or both, it is conceded the evidence would, as to the description of the place, have been sufficient. There was no evidence locating the restaurant on any particular lot or block.

The defendant contends the evidence is insufficient to identify the place where the acts testified to transpired with the place as charged, and that there was an entire failure of evidence in this respect. We sustain this contention. (See *The State v. Sterns,* 28 Kan. 154; *The State v. Walters,* 57 Kan. 702, 47 Pac. 839.)

Several material errors were also made in admitting evidence over the objections of the defendant, of which it is necessary to mention only one. Joe Klueber testified to obtaining a bottle of whisky from a man called "Bright-eyes," as follows:

"He asked me if I wanted any whisky and I told him yes, and he went and brought me the whisky; he went around that corner there. I next saw him in front of this place.

"Ques. Did you see him come out of Frazier's place? Ans. I saw him coming around the corner, I thought out of the door, but I might be mistaken.

"Q. You thought he came out of Frazier's restaurant? A. Yes, sir. He came to where I was and handed me the bottle and I gave him a dollar. I called it 'rot-gut'; I would n't call it whisky. It did n't taste much like whisky, it tasted like rot-gut. I thought it was not whisky."

A motion to strike out this evidence was erroneously overruled. It was evidently based only on a supposition as to the place where the bottle was obtained by "Bright-eyes." On. cross-examination this witness. testified:

"Ques. He did n't go into Frazier's place, did he? Ans. No, sir, he did n't go in there."

At the close of the evidence for the state the defendant moved the court to discharge him. Also, after the rendition of the verdict of guilty the defendant filed a motion for a new trial upon all of the statutory· grounds. This motion was also overruled. In the ruling upon each of these motions we think the court erred. Errors were also made in striking out evidence introduced by the defendant and excluding the evidence· of Etta Houchens, offered on the defense. The de-· fendant does not appear to have had a fair trial.

The judgment is reversed and the case is remanded' for a new trial.