## THE STATE OF KANSAS v. BARNEY O'CONNOR.

### No. 517.

1. INTOXICATING LIQUORS—*Nuisance—Competent Evidence.* In the trial of a criminal case, where the defendant is charged in separate counts of an information with illegal sales of intoxicating liquors, and also with maintaining a nuisance by keeping a place where intoxicating liquors are sold, bartered or given away in violation of the statute, it is competent for the state to introduce in evidence, and for the jury to consider, certain jugs, bottles, and other paraphernalia shown to have been seized by the officer at the place claimed to be a public nuisance, as bearing upon the question whether such place was or was not a nuisance as defined by the statute.

2. ——— *Competent Evidence Defined.* Under an information like the above, evidence that the building described in the information was a place where liquor was unlawfully sold immediately prior to the time the defendant took charge thereof; that there was no change in the business after the defendant took charge thereof; that he sold or gave away intoxicating liquors, permitted them to be drunk upon the premises as a beverage, and that he gave intoxicating liquors to minors, is all competent as tending to show the character of the place kept and who the keeper of the place was.

3. ——— *Search and Seizure Clause not Unconstitutional.* Paragraph 2533, General Statutes of 1889, being that portion of the prohibitory liquor law known as the "search and seizure clause," was enacted by the legislature to assist in the proper exercise of the police power of the state in a matter over which the legislature had control, and is not in contravention of either section 10 or section 15 of the bill of rights.

4. ——— *Instructions Upheld.* Instructions in this case examined and upheld.

MEMORANDUM.—Appeal from Sumner district court; J. A. BURNETTE, judge. Prosecution by The State against Barney O'Connor for maintaining a common nuisance. He was convicted and sentenced, and brings the case to this court. Affirmed. The opinion herein, filed February 6, 1896, states the material facts.

*O.* *G. Eckstein,* and *Jas. Lawrence,* for appellant.

*F. B. Dawes,* attorney general, and *H. L. Woods,* county attorney, for The State; *John G. Woods,* of counsel.

The opinion of the court was delivered by

COLE, J.: Barney O'Connor was tried in the district court of Sumner county upon an information containing eight counts; the first seven being for specific sales of intoxicating liquor and the eighth charging the maintaining of a common nuisance. At the close of the testimony the county attorney dismissed the first seven counts, and the defendant was convicted under the eighth count and sentenced by the trial court, from which conviction and sentence he appeals to this court.

The first question raised by counsel for defendant is that the court permitted illegal, incompetent and irrelevant evidence to go to the jury, and, under this head, our attention is directed to the evidence of certain witnesses who testified about the appearance of saloons in general and the appearance of the particular place charged as being a nuisance immediately prior to the time when it was alleged the defendant took charge, and also, in connection with such evidence, who testified that the business in said place was carried on in the same manner after defendant took charge as before; also to the testimony of certain witnesses who were asked if they were familiar with the paraphernalia and other fixtures ordinarily kept around a saloon, and whether or not the paraphernalia and fixtures seized were the same as those ordinarily kept in a saloon. We think this evidence was competent, as all of it tended to establish the

character of the place and bore upon the question as to whether the building was a nuisance or not as defined by the statute.

In this case, at the close of the evidence all of the counts in the information charging specific sales were dismissed, and the court instructed the jury that they were not to consider any evidence as tending in any way to prove illegal sales charged in the information, and that, as to the counts charging such illegal sales, they were to find the defendant not guilty. The jury evidently fully understood the instructions of the court, as shown by their verdict. Under the information as it stood when the case was given to the jury, it was not necessary for the state to prove even a single sale of intoxicating liquor. All it was necessary for the state to show was that the place described in the information was one where intoxicating liquors were kept for sale, or where persons were permitted to resort for the purpose of drinking intoxicating, liquors, and the further fact that the defendant was the keeper of such place.

In *The State v. Reno*, 41 Kan. 674, the following language is used:

"There was no error in permitting evidence of violations of law of which Mr. Titus, the prosecuting witness, had no knowledge, for the information was not only verified by Titus, but it was also verified by the county attorney, and each verification was sufficient; besides, this is not a case like the case of *The State v. Brooks*, 33 Kan. 708. This is a prosecution for keeping a nuisance at a particular place, while that was a prosecution for the sale of intoxicating liquors. In this case it is not necessary to show to whom the liquors were sold, while in that case it was. In this case the defendant might be convicted of the offense charged against him without showing that he ever sold a single drop of any kind of intoxicating

liquors, while in that case the *gravamen* of the offense charged was the *sale* of the liquor to *some person.* In cases like the present, a showing of a mere keeping of intoxicating liquors for sale, or the keeping of a place ' where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage,' is sufficient, under the statutes, to render the place where the liquors are kept or where the persons are permitted to resort a nuisance, and to render the keeper thereof guilty of keeping a nuisance."

In this case there was an abundance of testimony to support the propositions that the place described in the information was such an one as is prohibited by the statutes, and also that the defendant was the keeper of such place. While a number of the witnesses were affected with a lapse of memory, there were a number who testified to procuring beer from the defendant in person at the place in question, and there was also the testimony of the officer who made the arrest as to the character of the goods which he found in the place. We perceive no error in the admission of testimony in this case.

The second, fourth and fifth grounds upon which a reversal is asked may be considered together. The first of these three relates to certain misconduct of the jury in examining certain boxes, jugs, bottles and other vessels said to contain liquor, during a recess of the court. All that the record discloses of the matter is that the articles described were at the court-room door when the jury returned after a recess of the court. There is nothing in the record which shows that they were brought to the attention of the jury at that time, or that the minds of the jury were in any way prejudiced by seeing them at the court-room door. They were afterward admitted in evidence, brought into the court-room, and shown to the jury. We can-

not see from the record that the defendant was prejudiced in any way by this fact.   These views also answer the question raised as to the misconduct of the county attorney who tried the case in bringing the articles to the court-room door.   The record discloses that these articles were brought to the court-room by order of the court, which permitted them to be used in evidence, and if the defendant has been prejudiced it is by the introduction of these articles, if that was error, and not by the circumstances referred to by counsel.

The next objection is that the court erroneously permitted certain jugs, bottles and other paraphernalia seized by the officers at the time of making the arrest to be introduced in evidence as against the defendant. Counsel for the defendant urges that they could only be admitted upon the theory that they belonged to the defendant, and, if such was the case, propounds the question, " Can property belonging to a defendant and seized by an officer be a witness against himself?" Counsel argues that it cannot; that it is contrary to sections 10 and 15 of the bill of rights to seize the property of the defendant and use it as a witness against him.   The case of *Boyd v. United States*, 116 U. S. 616, is referred to as supporting this position.   A careful reading of the opinion in that case will, it seems to us, convince any fair-minded person that a plain distinction is made between such an act of seizure as was in question in the Boyd case and that which took place in this case.   It is true that the bill of rights provides that no person shall be a witness against himself, and also declares that " The right of the people to be secure in their persons and property against unreasonable searches and seizures shall be inviolate."

In the Boyd case a seizure had been made of private

papers, to be used as evidence against the defendant.
The papers themselves were not unlawful, were the
property of the defendant, and rightfully in his pos-
session, and it was exactly that kind of seizure from
which the federal constitution and our own bill of
rights sought to protect the citizens of this country
and state.   Both the federal constitutional provisions
and those contained in our own bill of rights were en-
acted because of the tyrannous policy of monarchical
rulers, who, under cover of the king's warrant, abused
the liberties of the people.   Those warrants reached
out after that which was the property of the individ-
ual, rightfully in his possession, and where the pos-
session of the things seized was not prohibited.   But,
in this case, the act under which the seizure was made
was one directly within the police power of the state.
It does not seek nor take the lawful property of any
individual, but simply reaches out through the proper
officials of the state to gather in those things, the pos-
session of which, for the purposes prohibited by the
state, is itself prohibited.   The law is akin to that
which prohibits counterfeiting the coin of the realm
and which seizes in the possession of any person
counterfeit coin.   The coin itself is the property of the
individual in whose possession it is found, and yet it
will not be questioned that either the federal or state
authorities may not only arrest the individual in whose
possession the coin is found, but seize the coin itself,
and use it as a silent witness against the defendant
charged with counterfeiting, upon his trial.

The laws of this state prohibit any person (except-
ing in the manner therein provided) either from selling
intoxicating liquors or from keeping a place where
intoxicating liquors are either sold, bartered or given
away as a beverage.   It is true under this statute a

person may have any amount of liquor in his possession for his own private use, or he may set it upon his table in the ordinary social affairs of life, if he so desire, without violating any provision of the statute; but when he stands charged with keeping and maintaining a place where intoxicating liquors are sold, bartered or given away in violation of the statute, and the evidence discloses sales made by the defendant in a place fitted up for that purpose, and when it further appears that such place is one where people generally congregate to drink intoxicating liquors as a beverage, it is certainly competent for the court to permit the state to introduce in evidence the prohibited articles which are shown to have been taken from the place charged as being a public nuisance.

The only remaining question is with regard to one of the instructions given by the court. Evidence was introduced upon the trial of the cause tending to prove that the defendant, at the place charged as a public nuisance, gave intoxicating liquors to a certain minor, and we think such evidence was properly admitted as tending to show the character of the place. The instruction complained of cited section 412 of the statute (Gen. Stat. 1889, ¶ 2552), which relates to the treating or giving of any intoxicating liquors to minors, and provides a punishment therefor, and added to such section the following words: "But the defendant is not on trial for that offense, but it may be considered under the charge of maintaining a nuisance." We see no error in this instruction. It appears to us that it was favorable to the defendant and ought to have been given. Counsel for the defendant and appellant claim that as the defendant was not on trial for that offense the instruction was misleading. As we understand the instruction, it simply advised the jury that while the

giving of liquor to a minor was an offense in itself, they could not consider evidence of that character as against the defendant, except as it tended to prove the offense charged in the information, viz., the maintaining of a public nuisance.

Perceiving no error in the record, the judgment of the district court will be affirmed.

All the Judges concurring.