THE STATE OF KANSAS v. CHAS. STOCKMAN.

No. 365.    (58 Pac. 1032.)

1. PRACTICE, DISTRICT COURT—*Challenge of Juror—Waiver of Error.* A juror on his *voir dire* testified that he was unable to read and write; the defendant challenged him for cause, but the court overruled the challenge, and the jury afterward were impaneled and sworn. The record fails to show that the defendant exhausted his peremptory challenges. *Held*, not error. A party should be compelled to use all reasonable means to discharge all objectionable jurors before the commencement of the trial, and a failure to do so must be construed as a waiver of all known objections.

2. INTOXICATING LIQUORS—*Evidence—Jugs, Bottles, etc.* The jugs, bottles and vessels supposed to contain intoxicating liquors, procured by an officer making the arrest in a liquor case at defendant's place of business, may be offered in evidence upon the trial, together with the labels, printed and written matter thereon.

Appeal from Smith district court; R. M. PICKLER, judge. Opinion filed November 4, 1899. Affirmed.

*J. T. Reed,* for appellant.

*D. M. Relihan,* for The State.

The opinion of the court was delivered by

McELROY, J. : This was a criminal prosecution under the prohibitory liquor law. The defendant Charles Stockman was charged in the district court of Smith county, in an information containing five counts, with the violation of the prohibitory liquor law; the first four counts charged him with the unlawful selling of intoxicating liquors, and the fifth with keeping and maintaining a common nuisance. A trial was had before the court and a jury, and the defendant was found guilty as charged in the fourth and fifth counts of the information. A motion for a new trial was filed and overruled. The defendant was sentenced to

pay a fine of $100, that he be confined in the county jail of Smith county for a period of thirty days upon each count of the information upon which he was convicted, and that he pay the costs and stand committed to the county jail until the expiration of the terms of imprisonment and until the fines and costs should be paid.   The defendant appeals.

*First.* It is contended that the court erred in not sustaining the defendant's challenge to the juror Vansycle.. The *voir dire* examination of this juror disclosed the fact that he was unable to read and write, for which cause the defendant challenged the juror as incompetent to sit in the trial of the case.   The challenge was overruled, and Vansycle was one of the jury finally impaneled and sworn to try the cause. The record fails to show that the defendant exhausted any of his peremptory challenges.   It has been repeatedly held by the supreme court that a party waives his right to insist upon error in the refusal of the court to sustain a challenge to a juror for cause where such party fails to exhaust his peremptory challenges.   (*The State v. Vogan*, 56 Kan. 62, 42 Pac. 352; *Florence, E. D. & W. V. Rly. Co. v. Ward*, 29 id. 354; *The State v. Snodgrass*, 52 id. 174, 34 Pac. 750; *The State v. Furbeck*, 29 id. 534.)

In the Encyclopedia of Pleading and Practice, volume 12, page 507, it is said:

"But, by the great weight of authority, no advantage can be taken of the improper overruling of a challenge for cause to an individual juror when the party ruled against has not previously exhausted his right of peremptory challenge."

From the fact that the defendant did not exhaust all his peremptory challenges, the question of the incompetency of the juror must be deemed to have been waived by the defendant.   But if the question

were not waived, the appellant would not be in any better condition. Educational qualifications of jurors in the various states are rare. The Texas code of criminal procedure provides, as one of the grounds for challenge for cause, that the juror cannot read or write. We believe that Utah has a similar provision. There are no educational tests, so far as jurors are concerned, in this state. It is suggested by the appellant that this juror was unable to read all the evidence offered by the state. How could this prejudice the defendant? This evidence was against him. There is no contention made that the juror was unable to understand any of the evidence offered in the interest of the defendant.

*Second.* It is also contended that the court erred in admitting incompetent evidence. This contention is based upon the fact that one Madison was permitted to testify, and exhibit to the jury certain bottles, jugs and vessels said to contain liquors. It is not contended that these vessels were not competent as evidence, but that the sheriff wrongfully came into possession of them. At the time the officer made the arrest he seems to have gathered in what jugs, bottles and vessels there were in defendant's place of business which seemed to contain liquors. These were used in evidence and exhibited to the jury during the trial, together with the labels, etc. The defendant at the trial took the witness-stand; he identified many of these bottles and vessels as his, and testified concerning the contents. We know of no reason why this testimony was not competent and properly admitted. It might be that the sheriff had no right to the possession of these vessels and receptacles, but that is not a material question in this case. It is apparent that the evidence was competent. The judgment will be affirmed.