THE CITY OF TOPEKA v. G. C. CHESNEY.

**No. 13,223.**  (71 Pac. 843.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Inadmissible Evidence.* In a prosecution for keeping a place where intoxicating liquors were sold in violation of a city ordinance, evidence relating to the condition of the place five days after the date of the offense, and three days after the filing of the complaint, was inadmissible to prove that the defendant was the keeper of the place.

Appeal from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 7, 1903. Reversed.

*Charles F. Spencer*, city attorney, and *W. C. Ralston*, for appellee.

*G. C. Clemens*, and *Otis E. Hungate*, for appellant.

The opinion of the court was delivered by

BURCH, J.: On appeal to the district court from the police court of the city of Topeka, the appellant, G. C. Chesney, was convicted of maintaining a place where intoxicating liquors were sold in violation of the ordinances of such city. The offense was charged as of May 25, 1901. The complaint was filed on May 27, following, and the warrant served May 30. On the trial the court, over defendant's objection, admitted evidence as to the condition of the place on May 30, and instructed the jury as follows:

"The complaint in this case was sworn to on the 27th day of May, 1901, and charges that the defendant kept and maintained this place on the 25th of that month. It appears that the warrant was served on the 30th day of May, which would be three days after the complaint was filed, and the court has permitted

testimony tending to show the condition of the place at the time the warrant was served.   This testimony is competent to be considered by the jury in passing upon the question as to whether the defendant was the keeper of the place described on the 25th of May, and it is for you to say what weight shall be given to this testimony in determining the guilt or innocence of the defendant.''

Was this error?   The occupation of a person on a certain day may be inferred, under some circumstances, from his occupation at a different time.   The status of a place on a given day may be inferred, under some circumstances, from its status at another time.   But the occupation of a particular man cannot be inferred from the status of a particular place, and an instruction that the jury were at liberty to do so was error.   Besides this, the inference arising from the condition of a place and the occupation of a man cannot, except in certain cases not material here, be indulged retrospectively.   In the American and English Encyclopedia of Law (2d ed.), volume 22, section 1239, it is said :

''The presumption as to the continuance of a condition or state of facts once shown to have existed does not run backwards, and the law never raises from the proof of the existence of a present condition or state of facts any presumption that the same condition or facts existed at a prior date.''

Decided cases support this text.   In a prosecution for the sale of liquor to an intoxicated person, proof of a state of intoxication at a given time was held to be no evidence that such condition existed six hours before.   (*State v. Hubbard*, 60 Iowa, 466, 15 N. W. 287.)   In a burglary case the marital status of the defendant became material.   The court said :

''The charge given by the court below was errone-
31—66 KAN.

ous.    It authorized the jury to infer that the rela-
tionship of husband and wife existed between the
witness, Polly Jackson, and Dick Jackson at the time
of the alleged burglary, because it was proved to ex-
ist at the *time of the trial.*    When the existence of a
personal relation, or a state of things continuous in
its nature, is once established by proof, the law pre-
sumes that such *status continues to exist* as before until
the contrary is proved, or until a different presump-
tion is raised from the nature of the subject in
question.  (1 Greenl. Ev. § 41;  2 Whart. Law Ev.
§ 1288.)    But this presumption cannot be permitted
to operate retrospectively so as to infer the *prior* exist-
ence of coverture, or other like relationship, from
proof of its *present* existence.    It may be that the
parties contracted the relationship within a few days
before the trial.''  ''(*Murdock v. The State*, 68 Ala. 567,
569.)

The principle involved is illustrated by cases in
which it was not specifically applied.  A defendant
was charged with keeping a nuisance at a time in the
past where liquors were said to be sold at a time of
filing the information.  If the conduct at the date of
the information could have been related to the past
conduct so as to make a completed offense before the
information was filed, the information would have
been good ; but it was held to be bad.  · (*The State v.
Chiles*, 64 Kan. 453, 67 Pac. 884.)

In a civil action an allegation of qualification as a
physician on a given day was declared to be insuf-
ficient to admit proof of such qualification on a pre-
vious day.  (*Westbrook v. Nelson*, 64 Kan. 436, 67
Pac. 884.)

From this it must follow that the court erred in ad-
mitting the evidence complained of, for the purpose
stated in the instruction, and in the instruction to the
jury concerning it.

Since a new trial must be had, and a second con-

viction cannot be anticipated, it is unnecessary to consider other assignments of error relating to questions of punishment.

The judgment of the district court is reversed, and the cause remanded.

All the Justices concurring.