## UNITED STATES *vs.* TORAZO MIYAMURA.

### April 4, 1904.

*Jury Trial.—Practice.—Instructions.—Motion to Set Aside Verdict and Grant a New Trial:* The court read a portion of the evidence to the jury and instructed them if they believed it, they should find against defendant, whose counsel after verdict of guilty, made such instructions a ground of a motion to set aside the verdict and grant a new trial. *Held,* an insufficient ground for such a motion, the jury having been also instructed to consider all the evidence and all the surrounding circumstances in reference to the offense charged.

*Same.—Use of Papers, etc., of Defendant as Evidence:* While seizures of papers and property under the process of the court may not be used as evidence against the owner in criminal proceedings, they may be so used when they have been obtained outside of such process, even though illegally.

*Same.—Seizure of Papers and Property of Defendant to be Used as Evidence:* Papers and property unlawfully in one's possession, or unlawfully used in the accomplishment of a criminal offense, should be seized by those arresting him to be used as evidence against him.

Criminal Law:    Motion for New Trial.

Robert W. Breckons, U. S. District Attorney, for the Government.

J. W. Cathcart, Counsel for defendant.

DOLE, J.   The jury in the above case found the defendant guilty as charged in the indictment and thereafter counsel for the defendant moved the court to vacate, set aside and annul such verdict and to grant said defendant a new trial upon said indictment.

One of the grounds for such motion was that the court erred in reading to the jury a portion of the evidence and instructing the jury that if they believed the portion so read, they should find the defendant guilty. The charge of the court referred to was as follows: "In regard to the paper in the case, relative to "the crime charged under the second count, in which it is charged "that the woman was sold; if it relates to the first count, it is "in this, that the witness Arate testified that to pay off money "borrowed from Sasamoto, she borrowed money from the defend- "ant and delivered the document to him so that he kept it. If "you believe this testimony, this evidence as to the offense of "peonage, and if you believe that Miyamura, by reason of his "possession of this document, forced her to prostitute herself, "that is sufficient for a verdict of guilty on both counts."

One of the authorities cited by the counsel for the defendant on this point, (*Barker v. The State*, 48 Ind., 167), has the following:

"Instructions should be predicated on the whole evidence, and when they have a tendency to restrict the consideration of the jury to isolated facts, to the exclusion of other facts which are before them in evidence, it is not only a misdirection but an infringement on the province of the triors of the fact."

Reference to the charge shows that this instruction taken with the other instructions, did not restrict the consideration of the jury on that point to the exclusion of other parts of the evidence.

Among other instructions, the court charged as follows: "By a "reasonable doubt, gentlemen, is meant a doubt based on reason, "and which is reasonable in view of all the evidence. It is not "a fanciful or conjectural doubt, but must impart such a condi- "tion of mind, after a careful consideration of the evidence, "that you cannot say that you are convinced or satisfied that "the defendant is guilty as charged;" also: "This defendant "cannot be convicted by you unless he feloniously and with "criminal intent did the acts complained of. In determining "the presence or absence of this indispensable element, you "should consider all the surrounding circumstances, and unless "the prosecution has established, beyond reasonable doubt, the "existence of criminal intent on the part of this defendant, it "is your clear duty to acquit him;" also "You are instructed "that if you believe from the evidence, beyond a reasonable "doubt, that the defendant, at or about the time mentioned "in the first count of the indictment, did, either by threats or "coercion of any kind, compel or induce Shizuye Arate to pros- "titute her body to men for his benefit, under any claim, either "real or pretended, that she the said Shizuye Arate was in- "debted to him, then defendant is guilty of the crime as set "forth in the said first count." From these instructions it will be seen that, in addition to the instructions objected to, the jury were instructed to consider all the evidence and all of the surrounding circumstances relative to the offense charged, which removes the case from the danger suggested by this ground of the motion.

*Ching v. The United States,* 118 Fed. Rep., 538.

The motion for a new trial, therefore, so far as it is based on this point, is overruled.

Another ground for a new trial is set forth in the motion as follows: "That said court erred in admitting into evidence "certain articles of personal property which were marked and "identified as exhibits for the government, the same having "been seized and taken by the United States Marshal without

"a search warrant, from the possession of the defendant; that "the court further erred in admitting into evidence and declin- "ing defendant's motion to strike out of the evidence, the paper "known as exhibit 'A,' the same having been taken from the "defendant's possession by the United States Marshal without a "search warrant, all of which is illegal and in violation of the "constitutional rights of the defendant."

In the case of *Boyd v. United States,* 116 U. S. 616, 637, the court held, under Section 860 of the Revised Statutes, that evidence obtained from a party by a judicial proceeding could not be used against him in a prosecution for a crime, penalty or forfeiture. This section is, in part, as follows:

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him or his property, or estate in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture."

The case of *Boyd v. United States* refers at length to a leading case in England in 1762, in which John Wilkes brought an action against Lord Halifax, the then Secretary of State, who had issued a warrant of search, and Wood, who made the search under which the plaintiff's house was searched and his papers were indiscriminately seized. The plaintiff obtained a verdict of 1,000 pounds (St'g.) against Wood and 4,000 pounds (St'g.) against Lord Halifax. The question of the right of a court to use private papers in evidence came up in the case of *Gindrat et al v. The People,* 138 Ill., 111. The court said in its decision that the cases of *Legatt v. Tollervey,* (14 East, 302), *Jordan v. Lewis,* (2 Strange, 1122), and *Commonwealth v. Dana,* (2 Metc., 329), "as well as the present case, are clearly distinguishable from *Boyd v. United States.* In the latter case, the unconstitutional and erroneous order, process and procedure of the trial court compelled the claimants to produce evidence against themselves, and such order, process and procedure were

also held to be tantamount to an unreasonable search and seizure, while here and in the other cases cited, the question of the illegality was raised collaterally, and the courts exercised no c̊᷄᷄᷄᷄ ᷄ᷧon whatever to procure evidence from the defendants, ᷄᷄ᷧ neither made orders nor issued process authorizing or purporting to authorize a search of premises or a seizure of property or papers, but simply admitted evidence which was offered without stopping to inquire whether possession of it had been obtained lawfully or unlawfully. Courts, in the administration of criminal law, are not accustomed to be over sensitive in regard to the sources from which evidence comes, and will avail themselves of all evidence that is competent and pertinent and not subversive to some constitutional or legal right. In *1 Greenleaf on Evidence,* (Redfield's Ed.) Sec. 254a, it is said: 'Though papers and other subjects of evidence may have been illegally taken from the possession of the party against whom they are offered or otherwise unlawfuly obtained, this is no valid objection to their admissibility, if they are pertinent to the issue. The court will not take notice how they are obtained, whether lawfully or unlawfully, nor will it form an issue to determine that question.' "

By these cases the law appears to be settled on this point, to the effect that seizures of papers and other property, by process of the court, to be used as evidence against the party in a criminal case in whose possession they are, would be unreasonable and inconsistent with the fourth and fifth amendments to the Constitution, and papers and property so obtained may not be admitted as evidence in such cases; but in those cases in which illegal seizures are made of papers or property in the possession of a party in a criminal case, to be used against him outside of the process of the court, the court will not consider the illegality of the seizure but will admit the papers or property so seized, if competent and pertinent as evidence, and the party from whom the goods are taken will be left to his legal remedies in trespass or otherwise.

There is still another ground which supports the use as evidence, of papers and articles taken from the possession of a party arrested under a criminal charge, when such papers or articles are unlawful in themselves or are in the possession of the party arrested for the purpose of carrying out his criminal purpose. In the case of *State v. O'Connor*, 43 Pac. Rep., 859, the court says on this point:

"But in this case the act under which the seizure was made was one directly within the police power of the State. It does not seek nor take the lawful property of any individual, but simply reaches out, through the proper officials of the State, to gather in those things the possession of which, for the purposes prohibited by the State, is itself prohibited. The law is akin to that which prohibits counterfeiting of the coin of the realm, and which seizes, in the possession of any person, counterfeit coin. The coin itself is the property of the individual in whose possession it is found, and yet it will not be questioned that either the federal or state authorities may not only arrest the individual in whose possession the coin is found, but seize the coin itself and use it as a silent witness against the defendant, charged with counterfeiting, upon his trial."

The document offered in evidence in this case was a bill of sale of a woman, a document unlawful in itself. It was taken from the possession of the defendant and there was evidence tending to show that it was used by him in carrying out the criminal purpose of holding the woman mentioned in a state of peonage. The articles offered in evidence, although shown by the evidence to be used by the woman in carrying out her unlawful occupation under the influence of defendant, may be said to have been constructively in the possession of the defendant. This distinction between property which is in the lawful possession and use of a party arrested and that which is in his possession unlawfully, or being in his possession is unlawfully used by him to carry out his criminal design, is fully recognized by the authorities on this subject. Wharton's Criminal Pleading and Practice, Sec. 60, says:

"Those arresting a defendant are bound to take from his per-son any articles which may be of use as proof in the trial of the offense with which the defendant is charged."

This rule is repeated in 2 Am. & Eng. Encycl. Law, 860, and is supported by the following cases: *Rex. v. O'Donnell,* 7 C. & P., 138; *Rex v. Burgiss, Ib.,* 488; *Rex v. Rooney, Ib.* 515, and *Rex v. Kinsey, Ib.* 447.

The motion for a new trial is overruled on this ground also.

These are the grounds of the motion which appear to have been relied upon by defendant's counsel, to which argument was mainly directed and in support of which citations from authorities were made. The counsel also offered as grounds for the motion for a new trial the contention that the court erred in substantially all instructions given to the jury except those which were requested by him, and these as grounds for the motion are also overruled.

The motion for a new trial is therefore overruled.