T. M. TRUITT, as *Administrator, etc., et al.*, v. W. B.
BECKTOLD.

No. 14,725.    (87 Pac. 188.)

PRACTICE, SUPREME COURT—*Review of Evidence—Depositions.*
·The court refused to determine the disputed questions of fact,
uninfluenced by the .conclusions of the trial judge, though
most of the evidence was in the form of depositions.

Error from Lyon district court; DENNIS MADDEN,
judge. Opinion filed October 6, 1906. Affirmed.

*McLaughlin & Messerley*, and *L. Frank Ottofy*, for
plaintiffs in error.

*C. S. Briggs, J. L. Hornsby*, and *Dennis Madden*, for
defendant in error.

*Per Curiam:* H. L. Ferris, being indebted to R. W.
Gilliam, made him a deed to a tract of land as security.
Gilliam executed a conveyance of the property to his
niece, Carrie Thummel. She conveyed the land to
Ferris, who paid her a part of the debt and gave her
a mortgage for the remainder. This mortgage was
assigned to W. B. Becktold, who brought suit to fore-
close it. The administrator and heirs of Gilliam, who
had in the meantime died, intervened and asked that
the transfer from Gilliam to Miss Thummel be set
aside as having been obtained by undue influence, and
that the mortgage be held to belong to the estate. Upon
trial the court found in favor of the plaintiff and ren-
dered judgment accordingly, from which the inter-
venors prosecute error.

For some time before Gilliam executed the deed to
his niece she had been doing most of his writing for
him, and the plaintiffs in. error contend that the ad-
mitted facts establish such a confidential relation be-
tween them as to raise a presumption that she exer-
cised undue influence upon her uncle, and thereby to

cast upon her the burden of proving the contrary. Whether this contention is sound need not be determined, for Miss Thummel testified at great length concerning all the details of the transaction, and her evidence, if given credence, is sufficient to rebut such presumption.

It is further contended that inasmuch as most of the evidence was in the form of depositions this court should determine for itself from the record the disputed questions of fact, uninfluenced by the conclusions reached by the trial court. We would not be justified in doing so. The oral evidence introduced was relatively small in quantity, but a part of it bore upon the vitally important matter of the mental condition of Gilliam at about the time he executed the deed. Miss Thummel was not present at the trial. Oral testimony was given in direct denial of portions of her deposition. The trial judge was aided in resolving such contradiction by the opportunity of observing one of the parties. The conclusions formed from such observation were an aid in interpreting and weighing the other statements made by Miss Thummel. Therefore the reviewing court lacks a part of the information that aided the district court in its decision and cannot interfere with the result reached except upon the view that there was no evidence to support it. No useful purpose would be accomplished by reviewing the evidence at length. It is enough to say that upon an examination of the whole record no sufficient reason appears for reversing the judgment, which is accordingly affirmed.