THE STATE OF KANSAS V. JOSEPH GIROUX AND JOSEPH BENOIT.

No. 14,938   (90 Pac. 249.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Information—Duplicity.* Where an information contains eleven counts, ten of which charge the defendants with the unlawful sale of intoxicating liquors upon three different dates, and the other count alleges that they are the keepers of a nuisance, which last-named count in part reads: "That on the 6th day of May, 1905, and at divers and other times from that day up to and including the date of the filing of this information, and at the dates of the several offenses hereinbefore charged, a certain place in said county, . . . is a place where intoxicating liquors were and are unlawfully sold, bartered and given away, and where persons were and are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and where intoxicating liquors were and are kept for sale, barter and delivery in violation of law, and where intoxicating liquors, bottles, glasses, kegs, pumps, and bars and other property were and are kept in maintaining said place, . . . and that the said Joseph Giroux and Joseph Benoit did, on said May 6, 1905, and at the dates of the offenses hereinbefore charged and at the date of the filing hereof, unlawfully keep and maintain said place . . . and have kept and maintained the same to the date hereof, and are now keeping and maintaining the same;" *held,* that a motion to quash such count on the ground that it contained several separate offenses should be denied.

2. —————— *Evidence—Nuisance—Articles Seized in the Building.* In such a case the exhibition to the jury of articles taken from the place charged to be a nuisance during the time it is alleged to have been such and at the time the defendants were arrested is not erroneous, even though the contents of a part of the bottles and other vessels are not shown to be intoxicating liquor.

3. —————— *Prima Facie Proof—Instruction.* Where in such a case intoxicating liquors are taken at the place alleged to be a nuisance, as stated in syllabus numbered two, it is proper for the court to instruct the jury that the presence of such liquor at such place is *prima facie* evidence that it was kept there for unlawful sale or use, as provided by section 2500 of the General Statutes of 1901.

4. ——— *Druggist's Permit.* Where intoxicating liquors are sold as a beverage or kept under circumstances which make the place where they are kept a public nuisance the question whether the defendant has a druggist's permit is immaterial.

Appeal from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed May 11, 1907. Affirmed.

*C. C. Coleman,* attorney-general, and *Fred W. Sturges, jr.,* county attorney, for The State.

*Park B. Pulsifer,* and *Charles L. Hunt,* for appellants.

The opinion of the court was delivered by

GRAVES, J.: The appellants were convicted in the district court of Cloud county of being the keepers of a nuisance, in violation of the prohibitory law. From such judgment they have appealed to this court. They have assigned several errors in the bill of exceptions, the first being the refusal of the trial court to allow the defendants' motion to quash the eleventh count in the information, that count being the one under which they were convicted. The objection to the count is that it contains two or more separate and distinct offenses. There were ten other counts, each charging a specific sale, the date of the sale and person to whom it was made being stated. The sales so charged were made upon three different dates—April 26, May 6, and May 13. The eleventh count alleges that upon each of these dates, ever since, and now, the place was and is a place where intoxicating liquors were and are kept, etc.; that the defendants were at each of said dates, ever since have been, and are now, the keepers thereof, etc. It is contended that this avers the commission of an offense on each of the days named, which would constitute three separate offenses.

We understand time, in a case like this, to be immaterial. Whatever date may be alleged, the proof may fix the time on any day within the statute of limitations. In a sense an averment that the defendant

unlawfully sold intoxicating liquors on January 1, and on sundry and divers days since that date, would charge as many separate and distinct offenses as there were days between the date named and the filing of the information. Such an averment, however, would not render the information bad for duplicity. Maintaining a public nuisance is a continuous act, extending from day to day, and the allegation as to time may and ought to be broad enough to cover either all the time within the statute of limitations or as much of it as the prosecutor desires; and while within such time the defendant may have been guilty many times, he can be tried for but one offense, which may be fixed as having occurred upon such date as will best suit the evidence of the state. The averment as to time in this information is practically the same as if the pleader had stated: "on and ever since April 1, 1905," etc., leaving out all other dates and sales, and states but one offense. The motion to quash was properly denied. (23 Cyc. 227; 10 Encyc. Pl. & Pr. 511-513; 11 Encyc. Pl. & Pr. 522.)

A further complaint is made because the court permitted articles seized by the sheriff in the defendants' place of business at the time of their arrest to be shown to the jury. For the purpose of determining the kind of place the defendants kept this evidence was clearly admissible. A bar, glasses, bottles, kegs found under a counter, with faucets therein and containing beer, barrels, empty beer cases, bottles with labels like the following—"Hapstone Rye, king of them all. Joseph Giroux, Clyde, Kan. From Samuel Westheimer & Son, Wholesale Liquor Company, Liquor Merchants, 117 So. Third St., St. Joseph, Mo.," and "Budweiser Lager Bier gebraut aus feinstem Laazer Hopfen und Bester Gerste fruher fur C. Conrad & Co., Von Anheuser Busch Brewing Assn., St. Louis, Mo. Adopted 1876, C. C. & Co. Trade Mark. Original Budweiser Registered 1877"—in the absence of other evidence indicating the kind of business con-

ducted where seized, seem to be proper evidence for the jury to consider, and in connection with the beer captured, which is presumed to be intoxicating, would justify an instruction that the presence of intoxicating liquors at defendants' place of business is *prima facie* evidence that they were kept there for sale or use in violation of law. The other evidence presented, however, abundantly established that these defendants openly maintained a saloon, and was sufficient to justify their conviction under every count in the information.

It is urged that this evidence was inadmissible for the reason that the goods were not found at defendants' place of business until after the complaint was filed and the warrant issued. The case of *Topeka v. Chesney,* 66 Kan. 480, 71 Pac. 843, is cited as being decisive of this question. In this case, however, the complaint was filed, warrant issued and seizure made on the same day and within two hours and a half of each other. The complaint alleged that a nuisance was being maintained by the defendants on the day the complaint was filed and prior thereto, as hereinbefore stated, while in the case cited the complaint charged the existence of a nuisance five days before the seizure was made, and the court instructed the jury that evidence obtained by such seizure might be considered in determining whether the defendant was the keeper of a nuisance at that place at the time charged. The cases are therefore materially dissimilar. In this case the time when the offense was alleged to exist and when the goods were seized is coincident. It is unnecessary, therefore, to rely here upon the retroaction of a presumption, as in the case cited.

It is further claimed that the court erred in refusing to instruct the jury that none of the "bottles and jugs and packages" offered in evidence could be considered in arriving at a verdict unless it was shown, beyond a reasonable doubt, that they contained

intoxicating liquors. This instruction was properly refused. It ignores the distinction between evidence which is merely admissible and proper to be considered and that which constitutes *prima facie* proof. These bottles, jugs and packages, together with the other paraphernalia exhibited to the jury, were proper for them to consider in determining the kind of place kept by the defendants, but unless their contents were shown to be intoxicating they would not constitute a *prima facie* case under the statute.

It is also contended that the court erred in not instructing the jury that before the defendants could be convicted the state must prove beyond a reasonable doubt that they did not have a druggist's permit from the probate judge, and also erred in instructing that it was not the duty of the state to make such proof in the first instance. There was no occasion for the court to say anything about a permit in this case. It is not suggested that the defendants sold liquor for medical, scientific or mechanical purposes, and therefore the question whether they had a permit is immaterial. The probate judge is not authorized to issue a permit to a joint-keeper, or to one who maintains a public nuisance, and this is the business which the evidence shows these defendants to have been engaged in. Where intoxicating liquors are sold to be used as a beverage, or where they are kept under circumstances which make the place where they are kept a public nuisance, the question whether the keeper had a permit cannot arise. (*The State v. Nippert*, 74 Kan. 371, 86 Pac. 478.)

This disposes of the questions presented. Being unable to find error in the proceedings of the district court, its judgment is affirmed.