THE STATE OF KANSAS v. FELIX THOMPSON.

No. 15,305.    (91 Pac. 79.)

SYLLABUS BY THE COURT.

1. INFORMATION—*Indorsing Names of Witnesses.* Where a defendant is prosecuted for a violation of the prohibitory law upon an information verified positively by an assistant attorney-general, he cannot complain that such officer is permitted to testify without his name having been indorsed thereon as a witness.

2. INTOXICATING LIQUORS—*Nuisance—Keeper.* The evidence examined and held not to support a conviction.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed July 5, 1907. Reversed.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*Oyler & Barnes,* for appellant.

The opinion of the court was delivered by

MASON, J.: Felix Thompson appeals from a conviction upon a charge of maintaining a statutory nuisance by keeping a place where intoxicating liquors were unlawfully sold.

Complaint is made of the admission of the testimony of a witness whose name was not indorsed on the information. The witness in question was the assistant attorney-general, who had verified the information by his positive affidavit. He was the complainant, and it was not necessary that his name should be so indorsed in order to warn the defendant to be ready to meet such testimony as he might be able to give. The case is within the reason of the rule applied in *The State v. Bundy,* 71 Kan. 779, 81 Pac. 459, where in a prosecution under the prohibitory law based upon testimony taken before the county attorney it was held to be unnecessary to indorse upon the information the names of witnesses whose sworn statements so obtained were attached thereto.

The further contention is made that the evidence did not support the verdict. It was sufficiently shown that a nuisance had been maintained for some time at the place described in the information. The only evidence, however, connecting the defendant with it was the testimony of one witness that "they say" it was his, and that he had seen him there "standing around," "not doing anything in particular," and of another that four days after the information was filed the defendant was found there acting as proprietor. The defendant, of course, could not be convicted upon rumor; the mere fact of his presence in a place where the law was being violated had no tendency to connect him with its management; and no presumption that he was its keeper before the prosecution was begun arose from a showing that such relation existed four days later. (*Topeka v. Chesney*, 66 Kan. 480, 71 Pac. 843; *The State v. Durein*, 70 Kan. 1, 7, 78 Pac. 152.)

The judgment is therefore reversed.