No. 20,374.

THE STATE OF KANSAS, *Appellee,* v. JULES BERGER, *Appellant.*

### SYLLABUS BY THE COURT.

1. LIQUOR NUISANCE — *Information — Misdescription of Premises — Not Prejudicial.* An information charged the maintenance of a nuisance in a *frame* building on a location sufficiently described. The amended information recited that the nuisance was maintained in a *concrete* building, the location being exactly the same. *Held,* that the misdescription of the materials out of which the building was constructed did not prejudice the defendant's rights and the quashing of the amended information under such circumstances was forbidden by subdivision 7 of section 110 of the criminal code.

2. PLEA IN ABATEMENT—*Demurrer Properly Sustained.* A demurrer to a plea in abatement is properly sustained when the facts alleged in the plea contradict the record.

3. LIQUOR NUISANCE—*Competent and Sufficient Evidence.* Where the defense was that the place where the alleged nuisance was being maintained was only a lodge room where the members occasionally had a keg of beer on tap, the evidence of the officer serving the warrant, which showed the situation of the premises, the crowd, the liquors and paraphernalia of the place, and the presence of the defendant and his

acts, was competent although the information may have been filed the day before the officer served the warrant.

4. SAME—*Former Decision Distinguished.* The case of *Topeka v. Chesney,* 66 Kan. 480, 71 Pac. 843, distinguished.

Appeal form Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 12, 1916. Affirmed.

*A. L. Majors,* and *C. B. Skidmore,* both of Columbus, for the appellant.

*S. M. Brewster,* attorney-general, and *F. W. Boss,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant was convicted of maintaining a common nuisance, and appeals.

The original information and the warrant issued thereon recited that the nuisance maintained by the defendant was located in a "one story *frame* building, situated," etc. Before trial, an amended information was filed in which the word "concrete" was substituted for the word "frame."

The defendant complains because the court overruled his motion to quash, sustained a demurrer to his plea in abatement, and overruled his motion to strike out the testimony of the sheriff, who raided the premises and seized the beer and liquor paraphernalia found in the nuisance therein maintained.

1. The statute forbids the quashing of an information for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant on the merits. (Crim. Code, § 110, subdiv. 7.) It is not conceivable that the misdescription of the materials out of which the building was made could prejudice the rights of the defendant. The motion to quash was properly overruled.

2. The plea in abatement alleged that the place described in the amended information was a separate and distinct place from that named in the original information, and not the place which the county attorney had in mind when he filed the original information. This plea contradicted the record, and the demurrer was therefore properly sustained. (*Lester v. The State,* 91 Wis. 249, 64 N. W. 850; 12 Cyc. 356.)

3. The sheriff testified that he received the warrant on April, 9, 1915, and the same evening or the next evening he

went to the place described in the information, but it was a concrete and not a *frame* building, and found it enclosed with a high board fence. He found and seized some liquors, glasses, etc., and arrested the defendant, whom he found behind the counter serving beer to persons present. The sheriff was critically cross-examined on the point as to whether the location of the place was in accordance with the location described in his warrant.

But this evidence is said to be incompetent to prove that a nuisance was being conducted at the place at the time of the filing of the information, which was on the preceding day, and the case of *Topeka v. Chesney,* 66 Kan. 480, 71 Pac. 843, is relied on to support this contention. In that case the evidence related to the condition of the place five days after the date of the offense and three days after the filing of the complaint. But it is well established by our decisions that it is competent to show the officer's seizure of the liquors and liquor paraphernalia at the place charged in the information. (*The State v. O'Connor,* 3 Kan. App. 594, 43 Pac. 859; *The State v. Stockman,* 9 Kan. App. 422, 58 Pac. 1034; *The State v. Schoenthaler,* 63 Kan. 148, 65 Pac. 235; *The State v. Giroux,* 75 Kan. 695, 90 Pac. 249.) And such evidence is competent even if the officer proceeded without a warrant. (*The State v. Schmidt,* 71 Kan. 862, 80 Pac. 948.) The state justly contends that the appellant has not brought up all the evidence, and that the chief defense was that the building was the meeting place of a lodge and the beer-drinking a mere social affair. Even the scant record brought here indicates that that question was involved and that fact was sought to be developed by defendant's cross-examination of the sheriff. Moreover, it needs but an occasional keg of beer and beer drinking to transform a lodge room into a nuisance. On an issue as to whether the place was an innocent lodge room or a nuisance, the sheriff's evidence was competent, and the court's instructions (Nos. 5 and 7) emphasized the necessity that before the defendant could be convicted the jury must find from the evidence that a nuisance was being maintained at the place described in the information at the time it was filed. The general finding of the jury must control. It is not contended here that the evidence did not support the verdict.

The judgment is affirmed.