The State v. Copelman.

---

No. 23,968.

THE STATE OF KANSAS, *Appellee*, v. JACK COPELMAN, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Maintaining a Nuisance—Sufficient Evidence to Convict.* Upon the charge that the defendant was maintaining a nuisance by keeping a place where intoxicating liquors were sold and where persons were permitted to resort for the purpose of drinking intoxicating liquor it is held that the evidence produced was sufficient to warrant the conviction of defendant.

2. SAME—*Nuisance—Sufficient Description of Place.* A description of the place is sufficient which advises the defendant of the charge he is called upon to meet, and will enable the sheriff to identify the place in the event that an abatement is adjudged.

3. SAME—*Evidence.* Error assigned on a ruling in the admission of evidence held not to be ground for reversal.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed March 11, 1922. Affirmed.

*John T. Little, C. B. Little*, both of Olathe, and *Joseph F. Aylward*, of Kansas City, Mo., for the appellant; *Harry L. Jacobs*, of Kansas City, Mo., of counsel.

*Richard J. Hopkins*, attorney-general, *J. K. Rankin*, assistant attorney-general, and *F. R. Ogg*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Jack Copelman was convicted of keeping a place where intoxicating liquors were unlawfully sold and given away, and where people were permitted to resort for the purpose of drinking such liquors as a beverage in violation of law.

His principal complaint on this appeal is that the evidence is insufficient to support the verdict and judgment. When the place was raided by the sheriff and several of his deputies about midnight they found a number of persons there eating and drinking, some of whom appeared to be intoxicated. They did not see any sales of liquor made to these persons but according to the testimony of the state the officers found a bottle of gin and several bottles partly filled with other intoxicating liquors. About a half wagonload of empty bottles and jugs were found on the place, and the smell of these indicated that recently there had been whisky in them. While the arrest and raid was in progress, four girls came into the place, some of whom were under the influence of intoxicating liquor. When the sheriff entered the place and was making the arrest and instituting a search, a bottle of whisky was thrown out of a window where a deputy sheriff had been stationed.

The defendant first denied that he was running the place, but later admitted that he was the proprietor and told the officers to go ahead and make the search. When the bottle of gin was found he remarked: "The jig is off, you have got me." While no direct evidence of sales was shown, the offense charged may be established by circumstantial evidence, and certainly the proof produced was sufficient to warrant the inference drawn by the jury and the judgment pronounced by the court. (*The State v. Schoenthaler*, 63 Kan. 148, 65 Pac. 235; *The State v. Giroux*, 75 Kan. 695, 90 Pac. 249; *The State v. Dollar*, 88 Kan. 346, 128 Pac. 365; *The State v. Berger*, 97 Kan. 366, 155 Pac. 40.)

There is a contention that there was a lack of proof that defendant was in charge or control of the place, or that he was in any sense a keeper of it. He testified that others owned and controlled the place, but there was evidence of an admission by him that he was the proprietor and that when he was arrested and was being taken from the place he ordered the waiters to "go ahead and serve the public, I will be back to-morrow and probably earlier." It cannot be said

that there is no proof to sustain the charge that he was a keeper of the place. ,

There is an objection that the information did not sufficiently describe the place. It is described as:

"The Shawnee Mission building, and places appurtenant thereto, situated on lot —, block —, and known as the Shawnee Mission in Mission township, in ·the county of Johnson, in the state of Kansas."

This description is sufficient to serve the purposes of the law which is:

"To advise the defendant as to the charge he is called upon to meet and also to enable the sheriff to identify the place in the event that an abatement of the alleged nuisance is adjudged." (*The State v. Walters*, 57 Kan. 702, 703, 47 Pac. 839.)

The testimony corresponded with the averments of the information and left no doubt about the identity of the place.

No error was committed in excluding the stipulation made between the county attorney and the owner of the premises that they would not thereafter lease or permit the premises to be used for the keeping of intoxicants.

Finding no error in the record, the judgment is affirmed.