Wright v. Sutton.

---

No. 27,146.

Mrs. Monroe Wright, *Appellant,* v. R. M. Sutton and O. B. Arntzen et al., Individually, and as Trustees of the Southwestern Refrigerating Company, a Dissolved Kansas Corporation, *Appellees.*

SYLLABUS BY THE COURT.

Corporations—*Dissolution—Proper Expenditure of Assets—Evidence.* The record considered, and *held,* the findings of fact of the trial court pertaining to the expenditure by directors of a corporation of its assets upon the obligations of the corporation are sustained by the evidence.

Appeal from Sedgwick district court, division No. 4; Isaac N. Williams, judge. Opinion filed February 12, 1927. Affirmed.

*William Keith,* of Wichita, for the appellant.
*Richard E. Bird,* of Wichita, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action to subject funds of the corporation which, on dissolution, passed to its directors, as trustees, to the pay-

Appeal and Error, 4 C. J. pp. 882 n. 20, 884 n. 37. Corporations, 14a C. J. pp. 1170 n. 53, 1173 n. 23, 33. Trial, 38 Cyc. pp. 1945 n. 33, 1954 n. 16, 1957 n. 33.

ment of a judgment against the corporation. It was tried to the court, who made findings of fact and rendered judgment for plaintiff for fifteen dollars. The plaintiff has appealed.

The findings of fact and conclusions of law are as follows:

### FINDINGS OF FACT.

"1. That the plaintiff, at the time of filing her action, was a creditor of the Southwestern Refrigerating Company by reason of a judgment obtained against the Southwestern Refrigerating Company in the amount of one thousand ($1,000) dollars and four dollars and twenty cents ($4.20) costs, which said judgment bears interest from the 5th day of November, 1924, at six per cent per annum, and that said judgment was transferred to the district court of Sedgwick county, Kansas, and, on the 26th day of November, 1924, execution was issued thereon in the said district court, which execution was, on the 26th day of January, 1925, returned unsatisfied, and now remains wholly unpaid.

"2. That the Southwestern Refrigerating Company was incorporated on the 21st day of June, 1922, under the laws of the state of Kansas. That said corporation was duly organized under said charter and was engaged in the transaction of mercantile business and in the sale and distribution and installation of machinery and refrigerating equipment in the city of Wichita, Sedgwick county, Kansas, from, on or about June 21, 1922, to the 31st day of December, 1924.

"3. That on or about the 24th day of May, 1924, in an equitable action in the district court of Sedgwick county, Kan., the officers, directors and stockholders unanimously joined in an equitable petition to the said court and attempted to dissolve, and by journal entry of judgment did dissolve the said corporation, the Southwestern Refrigerating Company, but that the said judgment of this court in said action was wholly void and without effect and that thereby and thereunder no dissolution of the said Southwestern Refrigerating Company, a Kansas corporation, took effect.

"4. That, after the attempted dissolution of the Southwestern Refrigerating Company, on or about the 24th day of May, 1924, the defendant, R. M. Sutton, who at that time was the president of said corporation, and O. B. Arntzen, who at that time was the secretary and treasurer of said corporation, received into their hands from said corporation in the form of merchandise as parts and fittings of refrigerating machines, which merchandise was of the value of approximately two thousand dollars ($2,000), and that, between the time of said attempted but ineffectual dissolution, and the time of actual dissolution on the said 31st day of December, 1924, the said defendants, Sutton and Arntzen, acting for and on behalf of and in the interests of the said Southwestern Refrigerating Company, sold, and used the said merchandise and the proceeds therefrom in the employment of labor and materials in the servicing and taking care of refrigerating plants and machines sold upon general warranty by the said Southwestern Refrigerating Company and in use during the summer and fall of 1924, so that the said merchandise of the said Southwestern Refrigerating Company was depleted to the extent that, on the 31st.

day of December, 1924, there remained but little of said merchandise, to wit: of about the value of fifteen dollars ($15).

"5. That, of the merchandise amounting to approximately the value of two thousand dollars ($2,000), the said defendants Sutton and Arntzen did not use said property or assets of the said Southwestern Refrigerating Company for their own personal use or benefit, but for the use and benefit of the said Southwestern Refrigerating Company between the said 24th day of May, 1924, and the said 31st of December, 1924.

"6. That, upon the legal dissolution of the said Southwestern Refrigerating Company, on the 31st day of December, 1924, the defendants became trustees of the Southwestern Refrigerating Company, a dissolved Kansas corporation, and that the said defendants, R. M. Sutton and O. B. Arntzen, as such trustees, received from the said dissolved corporation assets of the said corporation in the sum of fifteen dollars ($15) as stipulated in full by the plaintiff and defendants herein.

"7. That the defendants, Sutton and Arntzen, as trustees of the said dissolved Southwestern Refrigerating Company, are liable to the plaintiff for the full value of the assets of the said dissolved corporation that came into their hands on the said thirty-first day of December, 1924, to wit: the sum of fifteen dollars ($15).

### Conclusions of Law.

"1. That the Southwestern Refrigerating Company was a Kansas corporation and was transacting business and in operation under its charter until the 31st day of December, 1924, at which time it became and was legally dissolved.

"2. That the defendants herein and more particularly defendants Sutton and Arntzen, became trustees of the assets of the said dissolved Southwestern Refrigerating Company, a corporation, on the 31st day of December, 1924, and as such trustees became liable to the plaintiff as a creditor of said Southwestern Refrigerating Company, and liable for the full value of the assets of the said Southwestern Refrigerating Company coming into their hands on the 31st day of December, 1924, and that the defendants Sutton and Arntzen were the only defendants who received any property of the dissolved corporation, and that the value of the assets of said corporation that were received by Sutton and Arntzen is the sum of fifteen dollars ($15), and that judgment should be rendered against defendants Sutton and Arntzen in the sum of fifteen dollars ($15) and costs.

There is no controversy concerning the law of this case. Upon the dissolution of a corporation the president and directors become trustees of the creditors and stockholders of the corporation (R. S. 17-808), and become responsible to such creditors and stockholders to the extent of the property of the corporation that shall have come into their hands. The controversy concerns the facts, and the findings of fact made by the court, and resolves itself into this: What property of the corporation passed into the hands of its officers and directors as trustees?

Plaintiff requested additional findings, and the modification of some of the findings made. This request was refused. When a case is tried to the court, it is the duty of the court, on request, to find the material facts established. (R. S. 60-2921; *Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264; *Nordman v. Johnson,* 94 Kan. 409, 146 Pac. 1125; *Eakin v. Wycoff,* 118 Kan. 167, 234 Pac. 63.) The complaint here is not that the court did not make findings of fact—such findings were made upon all facts material to a decision of the case. The real complaint is that the findings made are not in all respects in accord with the evidence, and that the evidence justified—even required—findings in addition to, and in some respects contrary to, the findings made. Specific objection is made to part of the fourth finding, all of the fifth, and parts of the sixth and seventh, as being contrary to the evidence and to the weight of the evidence. This court, of course, does not pass upon the weight of the evidence; that is the function of the trial court. We examine the record for the sole purpose of seeing whether there is competent substantial evidence to sustain the findings made. (*Farney v. Hauser,* 109 Kan. 75, 198 Pac. 178; *Rezac v. Rezac,* 115 Kan. 482, 223 Pac. 295.)

No complaint is made of the finding of the court that the attempted dissolution of the corporation by the court order, in May, 1924, was ineffectual, for the reason that is not one of the ways provided by statute for the dissolution of a corporation. Neither is there any objection to the finding that the corporation was finally dissolved December 31, 1924. When the court order was made in May, 1924, the corporation had on hand $2,000, not in money, but in goods, refrigerators, parts, etc., of the value of $2,000. When it was finally dissolved, December 31, 1924, it had such supplies on hand to the value only of $15. The real question is, what became of this property in the meantime? The trial court found that the goods on hand in May were sold and the proceeds used in servicing machines previously sold. Plaintiff complains bitterly of this finding. It was, at best, a controverted question of fact. Details of these expenditures are not in evidence; records were not kept; but there is positive evidence that all such proceeds "and more" were used by defendants in servicing machines previously sold by the corporation. So that finding must stand. But appellant contends that the corporation was under no legal obligation to service machines previously sold; that at most it had only a moral obligation to do so. Here, again, the evidence is in conflict. Some of the an-

swers to questions tend to support plaintiff's view, but there is also evidence that there were both written and oral warranties and guaranties that the machines would function and perform the work for which they were sold; hence, that the corporation was under obligations, by reason of the contracts of sale, to see that the machines sold gave proper service. Now, if the proceeds arising from the sale of the corporate property were used before the corporation was dissolved, December 31, 1924 (except property to the value of $15 then on hand), for the benefit of the corporation and in carrying out its obligations to previous purchasers, its officers and directors, as trustees of a dissolved corporation, cannot be held personally liable therefor. That is about all there is in this case.

The judgment of the court below is affirmed.