No. 28,145.

THE FARMERS COÖPERATIVE UNION OF LYONS et al., *Appellees,*
v. J. W. REYNOLDS, *Appellant.*

No. 28,144.

THE FARMERS COÖPERATIVE UNION OF LYONS et al., *Appellees,*
v. GLENN L. REYNOLDS, *Appellant.*

(272 Pac. 108.)

Opinion filed December 8, 1928.

*L. E. Quinlan,* of Lyons, and *D. A. Banta,* of Great Bend, for the appellants.
*W. W. Stahl,* of Lyons, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a nonnegotiable promissory note for $350 payable to the order of the plaintiff corporation.

The principal defense pleaded to the original petition was want of consideration. In an amended petition plaintiff joined with itself

some eight of its stockholders who were members of its board of directors, and alleged that defendant was also a stockholder in the plaintiff corporation, and that in 1921 the corporation was deeply in debt, and that at a meeting of the stockholders it was decided that the board of directors might borrow $17,500 on their personal obligations and place that sum to the credit of the plaintiff to enable it to carry on its corporate business, and that each of the stockholders would execute his separate promissory note for $350 to guarantee the board of directors against personal loss. The amended petition also alleged that defendant was present at that stockholders' meeting and participated therein, and pursuant thereto he executed and delivered the note sued on; and that on the faith of the proceedings at the stockholders' meeting and the stockholders' notes given in accordance therewith the $17,500 was borrowed by the members of the board of directors on their personal credit and turned over to the plaintiff corporation, following which the corporation incurred losses which caused its insolvency and subjected the directors to personal liability and loss amounting to $15,750.

Defendant moved to strike the amended petition from the files on various grounds—

"First. That said amended petition set up an entirely new and different cause of action; that said amended petition has changed the original cause from an action by the plaintiff, to recover upon the promissory note set out in the original petition, in its own right, while the amended petition predicates a right to recover upon another and entirely different cause of action.

"Second. Because a change of the real plaintiffs as set forth in the original petition has been made by substituting other parties as the real plaintiffs, without leave of court having first been obtained."

Defendant likewise demurred to the amended petition on the ground that it did not state a cause of action, and that the cause of action which it did attempt to state was within the purview of the statute of frauds.

Defendant's motion and demurrer were overruled and he then answered admitting his execution of the note for the use and benefit of the plaintiff corporation, but alleged that at the time of its execution and delivery he was not indebted to plaintiff, nor to its officers or agents, and that the note was wholly without consideration.

On this joinder of issues a jury was waived and the cause was submitted to the trial court upon an agreed statement of facts which substantially conformed to the pleadings as above summarized. Judgment was entered for plaintiffs and defendant appeals.

.Defendant begins his argument by asserting that his plea of want of consideration was a perfect one, and that it was error to overrule his motion to strike the amended petition from the files. On the contrary, the amended petition merely related facts which could have been pleaded in reply to the defense of want of consideration. The inclusion of the members of the board of directors as parties plaintiff was unnecessary but not improper, for the reason that when a corporation is being liquidated for insolvency the members of its last board of directors are *ex officio* its trustees to wind up its corporate affairs, and the collection of this note was a necessary incident thereto. (R. S. 17-808; *State v. Copelman,* 110 Kan. 749, 205 Pac. 360; *Wright v. Sutton,* 122 Kan. 771, 773, 253 Pac. 225.) In any event, the joinder of unnecessary parties does not change the cause of action, and it is ordinarily immaterial whether additional parties to an action, or even original parties, be designated as plaintiffs or defendants. (*Minch v. Winters,* 122 Kan. 533, 540, 253 Pac. 578.)

The point is urged that the note was not the property of the corporation. It is not clear why this contention is made, but assuming its correctness, the fact was of no importance, since the corporation was the designated payee and title holder. It is familiar law that a nominal payee, or nominal title holder, although he has no beneficial interest, may maintain an action on a promissory note. (*Berridge v. Gaylord,* 108 Kan. 105, 106, 193 Pac. 1066; *Goebel v. Anderson,* 123 Kan. 211, 255 Pac. 77; 1 Ann. Cas. 833 note; 3 R. C. L. 991, 992.)

It is next argued that the stockholders could not be held for the debts of the corporation. Very true; but the stockholders could mutually agree to contribute money, credit, or their several promissory notes for $350 or any other amount, in an effort to rehabilitate the financial standing and continue the corporate life of the institution in which each of them held a shareholder's interest. And that is precisely what was done in this case. And it is also familiar law that mutual obligations of that character are valid and enforceable. In the analogous case of *Farmers Equity Coöp. Ass'n v. Tice,* 122 Kan. 127, 251 Pac. 421, it was said:

"The defendant was a stockholder in the plaintiff association and interested in its welfare and progress. He was interested in seeing that its business was carried on. The execution by the other stockholders of their notes for the benefit of and to aid the company in which the defendant was interested was a valuable consideration for the execution of his note."

It is argued that there was a want of mutuality of obligation between the corporation and defendant, and also between the members of the board of directors and defendant. That is beside the point. The requisite mutuality of enforceable obligations existed between the several stockholders who upon their own unconstrained initiative gave their notes for $350 each for their own ultimate mutual advantage. Obligations so created are enforceable by the third party for whose benefit they are undertaken. (*Maddock v. Riggs,* 106 Kan. 808, 190 Pac. 12.) Defendant contends, however, that plaintiffs failed to plead and to prove that the other individual stockholders had assumed their respective shares of the burden of these mutual contributions to the common cause. A critical examination of the amended petition does not disclose a precise allegation to that effect, although it may be inferred therefrom; but, as we have already said, the matter included in the amended petition might all have been shown by evidence in support of the original petition, and particularly so to meet and overcome a defense based on want of consideration. However, the agreed statement of facts serves the purpose of both pleadings and evidence, and in paragraph five of the agreed statement it is stipulated—

"That *the note in suit was executed and delivered to said corporation* on the same day, to wit: April 18, 1921, *together with others,* and by it held until about the time of the commencement of this action. That at the time of the execution and delivery of said note, defendant knew of the passage of said resolution."

It is also urged that the plaintiff's pleadings fail to allege that any money was borrowed by the board of directors and placed to the credit of the corporation in consequence of the giving of defendant's note and similar notes of other stockholders. We think that fact was sufficiently alleged, if an allegation of that fact was necessary. It is specifically covered in the agreed statement of facts.

It is finally contended that if defendant's obligation evidenced by his note be viewed as a contract of guaranty it is void under the statute of frauds because no sufficient memorandum of it was in writing. This point, too, is without merit. The resolution of the stockholders was in writing, and defendant's note and the notes of the other stockholders executed contemporaneously were likewise in writing. These writings were reciprocal and mutual and pertained to the same transaction. (*Whitlow v. Board of Education,* 108 Kan. 604, 608, 196 Pac. 772; *Flemming v. Ellsworth County Comm'rs,* 119 Kan. 598, 601, 240 Pac. 591; see, also, *Skinner v.*

*Skinner,* 126 Kan. 601, 276 Pac. 594.) They therefore did satisfy the statute of frauds, if that statute had anything to do with this case, which is far from clear. No error appears in the record, and the judgment is therefore affirmed.

In cause No. 28,144, by stipulation of counsel, consolidation with cause No. 28,145 was ordered, and the issues of law and fact being similar in all material respects, the judgment in No. 28,144 is likewise affirmed.